Index No. 23-cv-09792-DEH-BCM

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

TERRENCE REYNOLDS,

Plaintiff,

-against-

THE CITY OF NEW YORK, GEROULD MCCOY
(in his individual and official capacity), HAMAN
(first name unknown) (in his individual and official
capacity), CHRISTOPHER MARTELL (in his
individual and official capacity) and MICHAEL
PARENTE (in his individual and official capacity),

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

***SYLVIA O .HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of*
*New York, Gerould McCoy, Haman,*
*and Michael Parente*
*100 Church Street, Room 2-124*
*New York, N.Y. 10007*
*Of Counsel:  Eric Arbizo*
*Tel: (212) 356-3580*

# TABLE OF CONTENTS

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT............................................................................................................1

TABLE OF AUTHORITIES ...........................................................................................................1

PRELIMINARY STATEMENT .....................................................................................................3

STATEMENT OF FACTS...............................................................................................................4

STANDARD OF REVIEW .............................................................................................................5

ARGUMENT ..................................................................................................................................6

       POINT 1. ...........................................................................................................................6

       PLAINTIFF'S CLAIMS AGAINST THE CITY OF NEW YORK ARE BARRED BY RES JUDICATA. ......................................................................................................6

       PLAINTIFF CANNOT STATE A FIFTH AMENDMENT CLAIM BECAUSE HE WAS AFFORDED DUE PROCESS .............................................................................7

       POINT 2. ...........................................................................................................................9

       PLAINTIFF FAILS TO STATE AN ABUSE OF PROCESS CLAIM......................9

       POINT 3. .........................................................................................................................11

       PLAINTIFF'S ABUSE OF PROCESS CLAIMS MUST BE DISMISSED UNDER STATE LAW BECAUSE HE FAILED TO FILE A TIMELY NOTICE OF CLAIM .......................................................................................................................................11

       POINT 4. .........................................................................................................................12

       PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR GENDER DISCRIMINATION UNDER SECTION 1983.......................................12

       POINT 5. .........................................................................................................................14

       PLAINTIFF INSUFFICIENTLY PLEADS FAILURE TO SUPERVISE ...............14

       POINT 6. .........................................................................................................................18

       PLAINTIFF FAILS TO PLEASE FAILURE TO INTERVENE ............................18

       POINT 7. .........................................................................................................................19

PLAINTIFF'S FAILS TO STATE ANY CLAIM AGAINST DEFENDANT THE
CITY OF NEW YORK BECAUSE HE NEVER ALLEGES *MONELL* LIABILITY
.................................................................................................................................19

POINT 8. ...............................................................................................................19

PLAINTIFF FAILED TO SERVE INDIVIDUAL DEFENDANT MARTELL ..............................19

CONCLUSION ...........................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Lafia v. New York City*, 2024 U.S. Dist. LEXIS 15686 (S.D.N.Y. Jan. 29, 2024) ................................. 10

*Allen v. Antal*, 665 F. App'x 9 (2d Cir. 2016) .............................................................................. 11

*Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994) .......................................................................... 18

*AP v. All Headline News Corp.*, 608 F. Supp. 2d 454 (S.D.N.Y. 2009) ...........................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................5, 15

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ....................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................5

*Blyden v. Macusi*, 186 F.3d 252 (2d Cir. 1999) ............................................................................ 18

*Brown v. Metro. Transp. Auth.,* 717 F. Supp. 257 (S.D.N.Y. 1989) ................................................ 11

*Burns v. City of Utica*, 590 F. App'x 44 (2d Cir. 2014) ............................................................ 12, 13

*Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204 (2d Cir. 2002) ...........................................................7

*Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 1994) ............................................................................9, 11

*Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801 (S.D.N.Y. 2011) ................................................ 10

*Estevez-Yalcin v. Children's Vill.*, 331 F. Supp. 2d 170 (S.D.N.Y. 2004) ......................................... 16

*Gallagher v. Bd. of Educ. of E. Hampton Union Free Sch.*, No. 16-CV-473 (SJF) (SIL), 2017
     U.S. Dist. LEXIS 211264 (E.D.N.Y. Dec. 21, 2017) ............................................................9

*Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 U.S. Dist. LEXIS 27428, 2006
     WL 1234971 (S.D.N.Y. May 8, 2006) ............................................................................. 12

*Gladwin v. Pozzi*, 403 F. App'x 603 (2d Cir. 2010) ..................................................................... 13

*Greenland v. Municipality of Westchester Cty.*, No. 18-CV-3157 (KMK), 2020 WL
     4505507, 2020 U.S. Dist. LEXIS 138891 (S.D.N.Y. Aug. 4, 2020) ..................................... 12

*Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877 (2d Cir. 1996) ....................8

*Hernandez v. United States*, 939 F.3d 191 (2d Cir. 2019) ............................................................. 10

*Irwin v. City of N.Y.*, 902 F. Supp. 442 (S.D.N.Y. 1995) .................................................................8

*Kastle v. Town of Kent*, No. 13 CV 2256 (VB), 2014 U.S. Dist. LEXIS 56125 (S.D.N.Y. Mar.
     21, 2014) ..................................................................................................................... 11

*King v. City of N.Y.*, 581 F. Supp. 3d 559 (S.D.N.Y. 2022) ............................................................9

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006) .......................................................... 14

*Little v. NBC*, 210 F. Supp. 2d 330 (S.D.N.Y. 2002) ................................................................... 12

*Maharaj v. BankAmerica Corp.*, 128 F.3d 94 (2d Cir. 1997) ...........................................................6

*Marraccini v. Belmont*, No. 19 CV 8458 (VB), 2020 U.S. Dist. LEXIS 165817, 2020 WL
     5505364 (S.D.N.Y. Sep. 10, 2020) ...................................................................................8

*McLaurin v. New Rochelle Police Officers*, 363 F. Supp. 2d 574 (S.D.N.Y. 2005) ..............................7

*Miehle-Kellogg v. Doe*, No. 19-CV-4943(GRB)(JMW), 2023 WL 2632452, 2023 U.S. Dist.
     LEXIS 50575 (E.D.N.Y. Mar. 24, 2023) ......................................................................... 14

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) .................................................................... 19

*Naumovski v. Norris*, 934 F.3d 200 (2d Cir. 2019) ...................................................................... 13

*Pfotzer v. Amercoat Corp.*, 548 F.2d 51 (2d Cir. 1977) ..................................................................7

*Reid v. Dumberger*, No. 17-cv-1124 (KBF), 2018 WL 840092, 2018 U.S. Dist. LEXIS
     22991 (S.D.N.Y. Feb. 12, 2018) ............................................................................... 15, 18

*Reynolds v. City of N.Y.*, No. 22-CV-1910 (VEC), 2022 WL 17792394, 2022 U.S. Dist.
     LEXIS 228117 (S.D.N.Y. Dec. 19, 2022) ......................................................................6, 7

*Reynolds v. Giuliani,* 506 F.3d 183 (2d Cir. 2007) ........................................................ 16

*Roe v. City of Waterbury*, 542 F.3d 31 (2d Cir. 2008) ................................................... 19

*Ruiz v. Westchester Cty.*, No. 18-CV-7007 (KMK), 2020 WL 4340788, 2020 U.S. Dist.
    LEXIS 133647 (S.D.N.Y. July 28, 2020) ..................................................................... 15

*Schnitter v. City of Rochester*, 556 F. App'x 5 (2d Cir. 2014) ...................................... 15

*Small v. City of N.Y.*, No. 1:21-cv-1527-GHW, 2022 WL 376030, 2022 U.S. Dist. LEXIS
    21922 (S.D.N.Y. Feb. 7, 2022) .................................................................................... 6

*Spear v. W. Hartford*, 954 F.2d 63 (2d Cir. 1992) ......................................................... 9

*Tangreti v. Bachmann,* 983 F.3d 609 (2d Cir. 2020) ..................................................... 15

*Tessler v. Paterson*, 768 F. Supp. 2d 661 (S.D.N.Y. 2011) ........................................... 8

*Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995) ................................................ 14

*Walker v. New York*, 974 F.2d 293 (2d Cir. 1992) ......................................................... 17

*Zinermon v. Burch*, 494 U.S. 113 (1990) ....................................................................... 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TERRENCE REYNOLDS,

Plaintiff,

Index: 23-cv-09792-DEH

-against-

THE CITY OF NEW YORK, GEROULD MCCOY
(in his individual and official capacity), HAMAN (first
name unknown) (in his individual and official capacity),
CHRISTOPHER MARTELL(in his individual and
official capacity) and MICHAEL PARENTE (in his
individual and official capacity),

Defendants.

------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## THE DEFENDANTS' MOTION TO DISMISS
## THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Terrence Reynolds ("Plaintiff") was employed as a sewage treatment

worker by the New York City Department of Environmental Protection ("DEP") until on or about

November 12, 2021. Plaintiff contends, in his complaint filed on November 7, 2023 ("Complaint")

that the City of New York, Christopher Martell, Gerould Mccoy, "Haman", and Michael Parente

(collectively, "Defendants") violated his constitutional rights when they (excluding Michael

Parente) conspired to bring disciplinary charges against him in retaliation for his reporting

misconduct by Defendant Parente – specifically, that Parente physically and sexually assaulted

Plaintiff. Plaintiff contends that Defendants violated his rights under the Fourth, Fifth, and

Fourteenth Amendments to the United States Constitution, and state tort law.

3

Defendants the City of New York, Gerould McCoy, Haman and Michael Parente[1] now move to dismiss Plaintiff's claims against them as set forth in his complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) because Plaintiff's allegations are insufficient as a matter of law, barred by the doctrine of res judicata, fail to state a claim, and are barred by failure to meet preconditions to suit.

## STATEMENT OF FACTS[2]

Plaintiff was employed by the City of New York as a Sewage Treatment Worker within DEP for seventeen years until he was terminated for misconduct on November 12, 2021.[3] Compl. ¶¶ 9, 12, 47. He worked at Wards Island Sewage Treatment facility ("Wards Island"). *Id.* ¶ 9. Plaintiff alleges that defendant Gerould Mccoy ("Mccoy") and Haman[4] were supervisors at Wards Island. *Id.* ¶¶ 10, 11. Christopher Martell ("Martell") and defendant Michael Parente ("Parente") were sewage treatment workers at Wards Island. *Id.* ¶¶ 12, 13.

Plaintiff alleges that in or about early 2020, he reported illegal activities including drug dealing, intoxication on the job, fraudulent paperwork, and theft of personal protective equipment at his workplace to his supervisors, Mccoy and Haman. *Id.* ¶ 20. Plaintiff alleges that he became the target of retaliation and hostility, particularly from a coworker, Parente after making the reports. *Id.*

---

[1] Upon information and belief, defendant Christopher Martell has not been served in this matter. *See infra* at p. 17. This motion is not made on behalf of this individual, however the claims herein apply equally to him.

[2] Defendants' statement of facts is derived from the factual allegations contained in Plaintiff's Complaint, which are only accepted to be true for purposes of this motion.

[3] Defendants' records indicate that Plaintiff was terminated on November 19, 2021 but Defendants assume Plaintiff's allegations are true for the purposes of this motion to dismiss.

[4] Plaintiff does not allege the first name of the individual identified as "Haman", but based on the Complaint and records of the City of New York, "Haman" appears to refer to an individual named Haymankumar Lochan. *See* Declaration of Morlan Ty Rogers at ¶ 5. Haymankumar Lochan is referred to as "Haman" for the purposes of this motion to dismiss.

¶ 22. Plaintiff further alleges that this retaliation included a change in Plaintiff's work schedule from the night to the day shift, resulting in significant pay and overtime loss. *Id.* ¶ 23.

In May 2020, Plaintiff alleges that Parente violently physically and sexually assaulted him in the locker room of the Ward Island. *Id.* ¶¶ 24-25. Plaintiff's co-worker, Pat Burns ("Burns"), allegedly witnesses the entire assault and laughed in amusement. *Id.* ¶ 27. As a result of the assault, Plaintiff suffered physical and mental injuries, requiring him to see a psychotherapist. *Id.* ¶¶ 30-31. Plaintiff filed a police report against Parente in which he alleged assault but made no mention of sexual assault. *Id.* ¶¶ 32, 107.

Following the assault, Martell arranged the transfer of Parente to another worksite that Plaintiff alleges is a better worksite, and then transferred Parente again to another worksite. *Id.* ¶¶ 33, 34, 36. Plaintiff alleges that Parente is a convicted felon who served six years in prison for manslaughter, and that Defendants have a practice of covering up for his misconduct, including a previous altercation. *Id.* ¶¶ 37, 39, 40.

Plaintiff alleges that Defendants had knowledge of the physical and sexual assault, and that, in retaliation for his complaints about Parente, defendants Haman, McCoy, and Martell contrived written discipline against Plaintiff and falsely testified against him under oath, leading to his termination after a hearing on Plaintiff's own misconduct. *Id.* ¶¶ 44-47.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 [2007]). To survive dismissal under Rule 12(b)(6), a plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level." *AP v. All Headline News Corp.*, 608 F. Supp. 2d 454, 548 (S.D.N.Y. 2009) (quoting *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 [2d Cir. 2007]). "[A] plaintiff's mere subjective belief that he was

discriminated will not sustain claim." *Small v. City of N.Y.*, No. 1:21-cv-1527-GHW, 2022 WL

376030, 2022 U.S. Dist. LEXIS 21922 at *13 (S.D.N.Y. Feb. 7, 2022) (quotations omitted).

## ARGUMENT

### POINT 1.

### PLAINTIFF'S CLAIMS AGAINST THE CITY OF NEW YORK ARE BARRED BY RES JUDICATA.

Plaintiff previously brought a claim based upon the same operative facts against the City of

New York and his present claims are barred by res judicata. *See Reynolds v. City of N.Y.*, No. 22-

CV-1910 (VEC), 2022 WL 17792394, 2022 U.S. Dist. LEXIS 228117 (S.D.N.Y. Dec. 19, 2022);

*see also* Exhibit 1 to the Declaration of Eric Arbizo[5] ("Reynolds' 2022 Compl."). Plaintiff's

previous complaint, filed on March 7, 2022 in the United States District Court in Southern District

of New York, *see* Reynolds' 2022 Compl., raised constitutional claims under 42 U.S.C. § 1983 ("§

1983"), as Plaintiff attempts to do in the Complaint in this matter, and Plaintiff's 2022 claims were

based on the same set of underlying facts as the present Complaint. *See Maharaj v. BankAmerica

Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) ("The doctrine states that once a final judgment has been

entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties

or those in privity with them concerning the transaction, or series of connected transactions, out of

which the [first] action arose.") (quotations omitted). Operative facts in both the present matter and

Plaintiff's 2022 complaint include the following: (1) Parente was intoxicated at work (Reynolds'

2022 Compl. ¶ 8); (2) Plaintiff reported Parente's intoxication, as well as drug dealing, to McCoy

and Haman while working at Ward's Island (Reynolds' 2022 Compl. ¶¶ 9, 10); (3) Plaintiff was

retaliated against by his supervisors for reporting Parente's misconduct (Reynolds' 2022 Compl. ¶

---

[5] This Court may take judicial notice of documents filed in previous cases. *See O'Callaghan v. N.Y. Stock Exch.*, No. 12-CV-07247 (AJN)(SN), 2013 U.S. Dist. LEXIS 110655 at *3 (S.D.N.Y. Mar. 28, 2013) (citing *Chambers v. Time Warner*, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

12); (4) Plaintiff was assaulted by Parente on May 28, 2020 while at work (Reynolds' 2022 Compl.
¶ 14); (5) Defendant City made false accusations against Plaintiff in retaliation for reporting
misconduct (Reynolds' 2022 Compl. ¶ 15); and (6) Plaintiff was terminated after a hearing in which
he alleges that numerous witnesses provided false testimony. *See* Reynolds' 2022 Compl. at ¶ 16.
Plaintiff's 2022 complaint was dismissed with prejudice and affirmed by the Second Circuit.
*Reynolds v. City of N.Y.*, No. 22-CV-1910 (VEC), 2022 WL 17792394, 2022 U.S. Dist. LEXIS
228117 at *10-11 (S.D.N.Y. Dec. 19, 2022), *aff'd*, No. 23-76-cv, 2024 U.S. App. LEXIS 5757 (2d
Cir. Mar. 11, 2024).

Accordingly, Plaintiff's claims against the City of New York are barred because Plaintiff
and the City of New York were named parties in Plaintiff's 2022 complaint, *see generally*
Reynolds' 2022 Complaint, Plaintiff already brought § 1983 against the City of New York arising
from the same facts he now alleges, Reynolds' 2022 Complaint ¶¶ 1, 18-19, and Plaintiff's 2022
complaint received a final judgment on the merits. *Reynolds v. City of N.Y.*, No. 22-CV-1910
(VEC), 2022 WL 17792394, 2022 U.S. Dist. LEXIS 228117 at *10-11 (S.D.N.Y. Dec. 19, 2022),
*aff'd*, No. 23-76-cv, 2024 U.S. App. LEXIS 5757 (2d Cir. Mar. 11, 2024). Dismissal with prejudice
is a final judgment on the merits. *See e.g. Pfotzer v. Amercoat Corp.*, 548 F.2d 51, 52 (2d Cir.
1977). Finally, Plaintiff's claims are not saved merely because his legal theories differ.
*Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) ("Even claims based upon
different legal theories are barred provided they arise from the same transaction or occurrence.")

### PLAINTIFF CANNOT STATE A FIFTH AMENDMENT CLAIM BECAUSE HE WAS AFFORDED DUE PROCESS

#### a. Procedural Due Process

Plaintiff was given legally sufficient due process because he had a pre-deprivation hearing
and had a post-deprivation proceeding available to him, both of which constitute due process. "The
State of New York provides a dismissed municipal employee the opportunity to challenge his

termination as arbitrary and capricious pursuant to CPLR Article 78." *McLaurin v. New Rochelle Police Officers*, 363 F. Supp. 2d 574, 578 (S.D.N.Y. 2005); s*ee also* N.Y. C.P.L.R. § 7801 *et. seq.* Article 78 is adequate to protect Plaintiff's constitutional interests. *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 881-82 (2d Cir. 1996) ("[A]n Article 78 proceeding constitutes an adequate post-deprivation procedure under the Due Process Clause….""") "[T]here is no constitutional violation…when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Id*. at 882 (citing *Zinermon v. Burch*, 494 U.S. 113, 132 (1990)); *see also Mclaurin* at 578. Plaintiff's failure to bring an Article 78 does not save his claim. *See Irwin v. City of N.Y.*, 902 F. Supp. 442, (S.D.N.Y. 1995) ("the Second Circuit held in 1988 that the existence of New York's Article 78 proceeding precluded resort to Section 1983 in a case limited to a procedural due process claim, *simpliciter*, even where the plaintiff had failed to bring a timely state proceeding.") Because of the availability of an Article 78 proceeding, Plaintiff was not deprived a property right without due process of law and his procedural due process claim should be dismissed. *Hellenic* at 882.

b. **Substantive Due Process**

Plaintiff fails to show that his termination from his government employment shocks the conscience and, therefore, his substantive due process claim should also be dismissed. "[A] public servant's employment termination generally does not shock the conscience and thus does not constitute a violation of substantive due process*." Marraccini v. Belmont*, No. 19 CV 8458 (VB), 2020 U.S. Dist. LEXIS 165817 at *30, 2020 WL 5505364 (S.D.N.Y. Sep. 10, 2020); *see also Tessler v. Paterson*, 768 F. Supp. 2d 661, 669-70 (S.D.N.Y. 2011). Plaintiff's termination was objectively not shocking. Plaintiff was terminated following a hearing, *see* Compl. ¶ 80[6], in which

---

[6] Based upon the records from the New York City Office of Administrative Trials and Hearings, Plaintiff was represented by counsel at his disciplinary hearing but does not allege so in the Complaint.

Plaintiff participated and "numerous" witnesses testified against him. *See id.* ¶ 47; *see also id.* ¶¶ 56, 57, 63, 80. Plaintiff offers no reason why, after presenting his case, his termination was egregious or shocking. His contention that Defendants conspired to lie in order to have him terminated from his government employment, *see e.g., id.* ¶¶ 47, 54, 57, does not state a substantive due process claim. *See Gallagher v. Bd. of Educ. of E. Hampton Union Free Sch.*, No. 16-CV-473 (SJF) (SIL), 2017 U.S. Dist. LEXIS 211264 at *15 (E.D.N.Y. Dec. 21, 2017) ("Plaintiff's claim that Defendant brought 'malicious,' 'unfounded,' and 'flimsy' charges against her is insufficient to establish a viable substantive due process claim.") Plaintiff's termination, after a hearing, does not shock the conscious and as a result, Plaintiff's substantive due process claims should be dismissed.

## POINT 2.

### PLAINTIFF FAILS TO STATE AN ABUSE OF PROCESS CLAIM

Plaintiff's abuse of process claims fails because Plaintiff: (1) cannot state a claim because the alleged abused process is civil in nature, and not criminal, (2) suffered no constitutional violation, and (3) fails to adequately plead the elements of the claim. Each reason is independently sufficient to dismiss Plaintiff's abuse of process claim and each is discussed herein.

    **1.  Plaintiff cannot state a claim because the alleged abused process is civil in nature, and not criminal.**

The Second Circuit has not recognized a claim for abuse of process under the Fourth Amendment (via § 1983) when the process in question is civil, and not criminal. *Spear v. W. Hartford*, 954 F.2d 63 (2d Cir. 1992); *see also King v. City of N.Y.,* 581 F. Supp. 3d 559, 576-77 (S.D.N.Y. 2022) ("The Court is faced here with a civil case; therefore, [the plaintiff]'s malicious abuse of process claim fails….") The abuse of process Plaintiff alleges is in connection with his hearing on employee misconduct and has no criminal component. For this reason alone, his abuse of process claim should be dismissed.

    **2.  Plaintiff suffered no constitutional violation and therefore has no abuse of process claim.**

Plaintiff's abuse of process claims also fail because he is unable to point to any constitutional violation connected to his allegations of abuse of process. *See Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994); *see also Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("Plaintiff has not established a constitutional violation based on her allegations of malicious prosecution or abuse of process. Therefore, because Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983 supervisor liability.") As discussed in the preceding point, *supra* at 7-9, Plaintiff's has not stated a constitutional violation because his allegations that Defendants fabricated testimony in order to have him terminated from his government employment do not rise to the level of a constitutional violation when he had an Article 78 proceeding available to him to raise these claims. Plaintiff's failure to allege any constitutional violation is fatal to his abuse of process claim and it should be dismissed.

### 3.   Plaintiff fails to adequately plead the elements of an abuse of process claim.

Finally, Plaintiff fails to sufficiently plead abuse of process on the merits. To state an abuse of process claim, Plaintiff must show that Defendants "(1) employed regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. "*Hernandez v. United States*, 939 F.3d 191, 204 (2d Cir. 2019). To plead a collateral objective, Plaintiff must allege that the Defendants "wanted to achieve a collateral purpose beyond or in addition to the ostensible purpose of the suit. A malicious motive for bringing suit, by itself, does not support a claim for abuse of process." *Lafia v. New York City*, 2024 U.S. Dist. LEXIS 15686 at *63 (S.D.N.Y. Jan. 29, 2024) (quotations and citations omitted). Plaintiff does not plead any collateral objective desired by Defendants or that they used any process to compel performance or forbearance of some act. *See generally* Compl. Plaintiff contends that Defendants pursued Plaintiff's termination as retaliation for reports that he made, but such allegations are, at most,

malicious motives insufficient to state an abuse of process claim. Plaintiff also does not allege that Defendants sought to compel any action other than his termination and so Defendants did not seek any collateral objective and therefore his abuse of process claims fail.

In summary, Plaintiff's abuse of process claims should be dismissed because (1) Plaintiff cannot state an abuse of process claim in connection with a purely civil matter, (2) Plaintiff cannot point to any constitutional violation, and (3) Plaintiff fails to adequately plead the elements of the claim.

### POINT 3.

### PLAINTIFF'S ABUSE OF PROCESS CLAIMS MUST BE DISMISSED UNDER STATE LAW BECAUSE HE FAILED TO FILE A TIMELY NOTICE OF CLAIM

Plaintiff failed to file a timely notice of claim and thus failed to satisfy the precondition for bringing a common law abuse of process claim against the City of New York and its employees under state law. *See Kastle v. Town of Kent,* No. 13 CV 2256 (VB), 2014 U.S. Dist. LEXIS 56125 at *32-33 (S.D.N.Y. Mar. 21, 2014). Section 50-i of the New York General Municipal Law provides that to proceed on a state tort action against a municipal entity, or a municipal employee acting within the scope of their employment, a notice of claim must be filed within ninety days of the incident giving rise to the claim. N.Y. Gen. Mun. Law § 50-i; *see also Brown v. Metro. Transp. Auth.,* 717 F. Supp. 257, 259 (S.D.N.Y. 1989). The appropriate remedy for failing to file a notice of claim is dismissal. *Brown* at 260; *see also Allen v. Antal*, 665 F. App'x 9 (2d Cir. 2016).

Abuse of process is a tort under New York State Law. *See e.g. Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994). Plaintiff filed his notice of claim on November 6, 2023, far beyond ninety days after the incidents alleged, which occurred on or before November 12, 2021.[7] *See generally*

---

[7] Plaintiff does not plead that he filed any notice of claim, which is alone sufficient to dismiss his state law claims. *Greenland v. Municipality of Westchester Cty.*, No. 18-CV-3157 (KMK), 2020 WL 4505507, 2020 U.S. Dist. LEXIS 138891 at *16-17 (S.D.N.Y. Aug. 4, 2020) ("To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed.") (quotations omitted).

Compl. ¶ 47 (Plaintiff terminated on November 12, 2021 and all other allegations occurred prior to his termination); *see also* Exhibit 2 to Declaration of Eric Arbizo ("Plaintiff's Notice of Claim"). Plaintiff's failure to satisfy the condition precedent to bring an abuse of process claim warrants the dismissal of his abuse of process claims under New York State Law. *Greenland v. Municipality of Westchester Cty.*, No. 18-CV-3157 (KMK), 2020 WL 4505507, 2020 U.S. Dist. LEXIS 138891 at *18 (S.D.N.Y. Aug. 4, 2020) (""Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice.") (quoting *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 U.S. Dist. LEXIS 27428, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006)).

## POINT 4.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR GENDER DISCRIMINATION UNDER SECTION 1983

Plaintiff alleges, without any factual support, that he was discriminated against because he is a male, *see* Compl. ¶ 75. As an initial matter, Plaintiff never filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights, alleging gender-based discrimination, so claims Plaintiff purports to assert under Title VII of the Civil Rights Act of 1964 should be dismissed for failure to exhaust administrative remedies. *See e.g. Little v. NBC*, 210 F. Supp. 2d 330, 373 (S.D.N.Y. 2002) ("A plaintiff must exhaust administrative remedies before filing a Title VII action.")

Plaintiff's gender discrimination claims under § 1983 should be dismissed because the alleged sexual assault was not committed under the color of law, s*ee Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014) (holding that sexual assault is not committed under the color of law and therefore §1983 does not apply), and Plaintiff's Complaint creates no inference that he was discriminated against based on his gender. Each point is discussed in more detail herein.

1. **Plaintiff's sexual assault allegation is insufficient to state a gender discrimination claim under § 1983.**

Plaintiff's sexual assault allegation alone is insufficient support to a gender discrimination claim under § 1983 because the sexual assault was not committed under the color of law. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights…." *Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992); see also *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019). Parente's alleged sexual assault is not an act performed under the color of law, and therefore outside the reach of § 1983. *Burns* at 50 ("Here, [Defendant]'s alleged sexual assault of [plaintiff], if proven, was palpably a personal pursuit entirely unrelated to his duties as a firefighter. Because the conduct alleged was therefore not committed under the color of state law, the District Court's dismissal of [plaintiff]'s Section 1983 claim against Knapp is affirmed.") Because § 1983 is not the appropriate vehicle to remedy acts entirely unrelated to officer duties, Parente's alleged sexual assault does not give rise to a Fourteenth Amendment claim.

Plaintiff fails to state a discrimination claim because sexual assault is not committed under the color of law and so Plaintiff's gender discrimination claims brought pursuant to § 1983 should be dismissed.

2. **Plaintiff fails to allege gender discrimination.**

Plaintiff never alleges when, where or how he reported that he was sexually assaulted, or any other fact supporting that his gender played any role in his treatment. *See generally* Compl. To allege gender discrimination, Plaintiff must plead that (1) he falls within a protected class, (2) he was performing his duties satisfactorily, (3) he was subject to an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *Gladwin v. Pozzi*, 403 F. App'x 603, 605 (2d Cir. 2010). Plaintiff offers no

fact supporting that City Defendant knew of his sexual assault or that any of Defendants' actions were based on his gender in any way. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (quotations omitted). Plaintiff contends that he would have been treated differently if he had been a female who was sexually assaulted but does not allege any fact that supports his conclusion. Compl. ¶¶ 74, 75. Moreover, Plaintiff never alleges that he reported his sexual assault to Defendants nor explains how Defendants ever learned of the sexual nature of the alleged assault. *See generally*, *id.* Plaintiff even admits that he did not report a sexual assault to the police, *id.* ¶ 107. Plaintiff's numerous allegations that Defendants' actions were in retaliation for reporting alleged sexual assault are entirely conclusory and his gender claims should be dismissed. *See* Compl. ¶¶ 1, 48, 53, 56, 63, 68, 74, 81, 82, 88, 91.

## POINT 5.

### PLAINTIFF INSUFFICIENTLY PLEADS FAILURE TO SUPERVISE

Plaintiff's claims that Defendants are responsible for an alleged sexual assault because they failed to supervise or intervene should be dismissed because Plaintiff: (1) has not shown any constitutional violation that supervision or intervention would have prevented; (2) does not plead that the individual Defendants disregarded a substantial risk of a constitutional violation, and (3) fails to plead municipal liability under *Monell.* Each reason is discussed individually herein and each justifies dismissal of Plaintiff's failure to supervise claims, which also should be dismissed on res judicata grounds as discussed in detail at Point 1 above. *Supra* at 5.

**(1) Plaintiff's constitutional rights were not violated**

A failure to intervene or failure to supervise claim, brought under the Constitution of the United States (via § 1983), requires Plaintiff to state a constitutional violation. *See e.g. Miehle-Kellogg v. Doe*, No. 19-CV-4943(GRB)(JMW), 2023 WL 2632452, 2023 U.S. Dist. LEXIS 50575 at *23 (E.D.N.Y. Mar. 24, 2023) ("A failure-to-supervise claim may be established by showing

'that the need for more or better supervision to protect against constitutional violations was obvious.'") (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)); *see also Ruiz v. Westchester Cty.*, No. 18-CV-7007 (KMK), 2020 WL 4340788, 2020 U.S. Dist. LEXIS 133647, at * 23 (S.D.N.Y. July 28, 2020). Plaintiff has not stated any constitutional violations by the City of New York or Haman, Martell, or McCoy. Even assuming, for purposes of this motion only, that Plaintiff's allegations against Parente constitute a constitutional violation, assault and sexual assault is not committed under the color of law and is therefore not within the scope § 1983. *See Supra* at 12-13. Plaintiff's failure to show any constitutional claim is fatal to his failure supervise claims under § 1983 and both claims should be dismissed. *Reid v. Dumberger*, No. 17-cv-1124 (KBF), 2018 WL 840092, 2018 U.S. Dist. LEXIS 22991, at *24 (S.D.N.Y. Feb. 12, 2018) ("If no right is being violated, there is no duty to intervene or supervise differently….").

## (2) Defendants did not disregard a risk that Parente would engage in a constitutional violation.

Plaintiff does not adequately contend that Defendants disregarded the risk that Parente would commit assault or sexual assault. Plaintiff alleges that Defendants knew Parente would commit assault and sexual assault because Parente, allegedly, was previously convicted of manslaughter. Compl. ¶ 83. To state a claim under § 1983 for failure to supervise Parente, Plaintiff must show that each Defendant individually acted with deliberate indifference to the rights of persons with whom Parente came into contact. *Schnitter v. City of Rochester*, 556 F. App'x 5, 8 (2d Cir. 2014); *see also Tangreti v. Bachmann,* 983 F.3d 609, 616 (2d Cir. 2020) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff fails to show deliberate indifference towards his constitutional rights for two reasons. First, a past conviction for manslaughter does not show a propensity for a sexual assault at a much later date, so Defendants could not have foreseen the assault. *See Zilioli v. City of N.Y.*, No. 17cv9495, 2020 U.S.

15

Dist. LEXIS 57704 at *20 (S.D.N.Y. Apr. 1, 2020) ("[A] mere possibility of improper conduct is insufficient to impose liability….") (quoting *Estevez-Yalcin v. Children's Vill.*, 331 F. Supp. 2d 170, 176 (S.D.N.Y. 2004)). Second, Plaintiff alleges only that the City of New York conducts background checks and was, presumably, aware of Parente's conviction. Plaintiff does not allege that the individual Defendants knew of the conviction and there is no basis to impute such knowledge on individual defendants. As a result, Plaintiff fails to plead that the individual Defendants were liable for failing to supervise Parente when he committed the alleged assault. *Tangreti* at 616.

### (3) Plaintiff fails to plead that the City of New York is liable for failure to train under *Monell*.

To state a claim for failure to supervise against a municipality, Plaintiff must allege that Defendant the City of New York (1) knew to a moral certainty that the City would confront a given situation; (2) the situation presented the City with a difficult choice or there was a history of its mishandling the situation; and (3) the wrong choice by the City would frequently cause the deprivation of plaintiffs' rights. *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir. 2007). Plaintiff alleges that the City of New York failed to supervise Parente and that such failure led to Plaintiff being assaulted. Plaintiff further alleges that the City of New York failed to stop Mccoy, Haman and Martell from submitting false statements against Plaintiff. Compl. ¶ 86. However, Plaintiff does not allege the first and second elements required to sustain a failure supervise claim against the City of New York and his claim should be dismissed, as discussed below.

The alleged assault and sexual assault by Parente was not foreseeable, let alone certain to occur. The City could not have foreseen the alleged sexual assault nor the alleged falsifying testimony, which is the result of the unforeseeable assault. Compl. ¶¶ 44, 54. Plaintiff fails to plead the first element of his failure to supervise claim and it should be dismissed.

With regard to the second element of Plaintiff's failure to supervise claim, there was no difficult choice or mishandling of the situation alleged. Plainly, committing assault and sexual assault and fabricating testimony to have Plaintiff fired are not difficult choices supervision might affect. *Cf. Walker v. New York*, 974 F.2d 293, 297 (2d Cir. 1992) (when to use deadly force against a fleeing suspect is a difficult choice that training and supervision would make less difficult). In an attempt to show that the City has a pattern of retaliation against whistle blowers, Plaintiff cites seven cases in which the Defendant, or the Department of Environmental Protection, allegedly retaliated against plaintiffs. Compl. ¶ 62. For brevity's sake, the moving Defendants will not recount the ways in which Plaintiff's citations fail to support his contentions, except to offer the following summary: of the seven cases Plaintiff cites alleging retaliation, summary judgment was granted in the defendants' favor in two (*McGuire* and *Semorile*),[8] in three of the cases the plaintiffs' retaliation claims were dismissed (*Moriates, Berlyavsky,* and *Shargani*),[9] in one case the plaintiff withdrew her retaliation claim (*Nwanji*),[10] and the remaining case involved retaliation for opposing racial discrimination, which is not as issue in the instant case (*Valdes)*.[11] Plaintiff has failed to show that there is a history of mishandling the situation alleged in the Complaint, fails to adequately allege the second element of his failure to supervise claim, and the claim should be dismissed.

---

[8] *See McGuire* v. *City of New York,* , 2015 U.S. Dist. LEXIS 164856, 2015 WL 8489962 (E.D.N.Y. Dec. 7, 2015); *see also  Semorile v. City of N.Y.,* 2007 U.S. Dist. LEXIS 91459, 2007 WL 4292027 (S.D.N.Y. Nov. 29, 2007)

[9] *See Moriates v. City of New York, No.* 13-CV-4845, 2016 U.S. Dist. LEXIS 82565, 2016 WL 3566656 (E.D.N.Y. June 24, 2016); *see also  Berlyavsky v. N.Y.C. Dep't of Envtl. Prot*., No. 14-cv-3217 (KAM)(RER), 2016 U.S. Dist. LEXIS 47127, 2016 WL 1383486 (E.D.N.Y. Apr. 7, 2016); *see also  Shargani v. N.Y.C. Dep't of Env't Prot.*, 2022 U.S. Dist. LEXIS 65150, 2022 WL 1046764 (S.D.N.Y. Apr. 7, 2022).

[10] *See Nwanji v. N.Y.C. Dep't of Envtl. Prot.,* 98 Civ. 4263 (JSR), 1999 U.S. Dist. LEXIS 8904 at *2 (S.D.N.Y. June 14, 1999)

[11] *See Valdes v. N.Y.C. Dep't of Envtl. Prot.*, 95 Civ. 10407 (JSR), 1997 U.S. Dist. LEXIS 16625, 1997 WL 666279 (S.D.N.Y. Oct. 23, 1997)

## POINT 6.

## PLAINTIFF FAILS TO PLEAD FAILURE TO INTERVENE

A failure to intervene claim requires an underlying constitutional violation, which Plaintiff fails to plead for the reasons already discussed. *See Supra* at 6-8. "[F]or a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation." *Blyden v. Macusi*, 186 F.3d 252, 265 (2d Cir. 1999). Plaintiff has not alleged any unconstitutional deprivation in connection with his due process claims. *See Supra* at 7-9, and therefore his failure to intervene claim based on the alleged fabricated testimony should be dismissed. *Reid v. Dumberger*, No. 17-cv-1124 (KBF), 2018 WL 840092, 2018 U.S. Dist. LEXIS 22991, at *24 (S.D.N.Y. Feb. 12, 2018) ("If no right is being violated, there is no duty to intervene or supervise differently….").

Plaintiff's failure to intervene claim for the alleged assault and sexual assault should be dismissed because there was no opportunity for any Defendant to stop the alleged assault. *See Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994) ("In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring"). Plaintiff's allegations offer no fact to support that any moving Defendant would have been able from stopping the alleged sexual assault. According to Plaintiff, the assault happened in the shower, and Plaintiff alleges only one witness who is not a defendant in this matter. Compl ¶ 99. Plaintiff fails to state a claim for failure to intervene because there was no opportunity to prevent the alleged behavior, and the claim should be dismissed. Moreover, as discussed *supra* at 11-12, assault and sexual assault committed outside the scope of employment is not the type of violation § 1983 is intended to address.

**POINT 7.**

**PLAINTIFF'S FAILS TO STATE ANY CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK BECAUSE HE NEVER ALLEGES *MONELL* LIABILITY**

Plaintiff's § 1983 claims, which are all of Plaintiff's claims brought against the City of New York, fail because Plaintiff has not sufficiently pled employer liability under *Monell*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To state a § 1983 claim against a municipality, Plaintiff must allege (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury. *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009).

Plaintiff fails to allege that any action complained of was an official policy of the City of New York, and since all of Plaintiff's claims against the City of New York are brought pursuant to § 1983, all claims against the City of New York should be dismissed.

**POINT 8.**

**PLAINTIFF FAILED TO SERVE INDIVIDUAL DEFENDANT MARTELL**

Plaintiff attempted to serve process on the individual defendants by serving them at the offices of the New York City Department of Environmental Protection at 59-17 Junction Blvd., Elmhurst NY, 11373 on December 11, 2023. ECF Doc Nos. 7, 8. Christopher Martell retired from the agency several years ago and was not employed by DEP on December 11, 2023, the date of the attempted service. *See* Aff. Of Morlan Ty Rogers at ¶¶ 4-6. Plaintiff has, therefore, failed to serve Christopher Martell pursuant to Fed. R. Civ. P. 5.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court dismiss each of Plaintiff's claims except his tort battery claim arising out of New York State Law and grant any such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              March 22, 2024

**SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney of for Defendants
100 Church Street, Room 2-124
New York, New York 10007
(212) 356-3580
earbizo@law.nyc.gov

By:   /s/

Eric Arbizo
Assistant Corporation Counsel

To:    Cathryn Harris-Marchesi, *Attorney for Plaintiff* (via ECF)