# 1:23-cv-09792-DEH

## UNITED STATES DISTRICT COURT

*for the*

## SOUTHERN DISTRICT OF NEW YORK

TERRENCE REYNOLDS,

*Plaintiff,*

- v. —

THE CITY OF NEW YORK, GEROULD MCCOY (*in his individual and official capacity*), HAMAN (*in his individual and official capacity*), CHRISTOPHER MARTELL (*in his individual and official capacity*) and MICHAEL PARENTE (*in his individual and official capacity*),

*Defendants.*

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

GEOFFREY T. MOTT, ESQ.
CATHRYN HARRIS-MARCHESI, ESQ.
LAW OFFICES OF GEOFFREY T. MOTT, P.C.
*Attorneys for Plaintiff-Appellant*
7600 Jericho Turnpike, Suite 105
Woodbury, New York 11797

## TABLE OF CONTENTS

 Page

TABLE OF AUTHORITIES ........................................................ ii

PRELIMINARY STATEMENT ................................................... 1

FACTUAL BACKGROUND ..................................................... 2

PROCEDURAL HISTORY ...................................................... 3

STANDARD OF REVIEW ...................................................... 4

ARGUMENT ............................................................................ 5

POINT I    PLAINTIFF'S CLAIMS AGAINST DEFENDENT NEW
YORK CITY ARE <u>NOT SUBJECT TO RES JUDICATA</u> ............ 5

POINT II   PLAINTIFF HAS SUFFECENTLY PLEAD HIS ABUSE OF
PROCESS CLAIM AND DEFENDANT NYC INCORRECTLY
CONTENDS SAID CLAIM DOES NOT APPLY IN THE CIVIL
CONTEXT ............................................................ 8

POINT III  PLAINTIFF HAS SUFFECENTLY PLEAD HIS EQUAL
PROTECTION CLAIMS PURSUANT TO THE FOURTEENTH
AMENDMENT ....................................................... 10

A.  Individual Liability Pursuant to §1983 Equal Protection
Harassment Claim ............................................. 14

POINT IV  PLAINTIFF HAS SUFFECENTLY PLEAD HIS FIFTH
AMENDMENT DUE PROCESS AND SUBSTANTIVE DUE
PROCESS CLAIMS ............................................... 15

A. <u>Procedural Due Process</u> ................................... 14
B. <u>Substantive Due Process</u> ................................. 17

POINT V   PLAINTIFF HAS SUFFECENTLY PLEAD HIS MONELL
CLAIM ................................................................ 18

CONCLUSION ....................................................................... 22

# TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page**

Ahmed v. Town of Oyster Bay,
   *7 F. Supp. 3d 245, 249 (E.D.N.Y. 2014)* ............................................................. 17

Allen v. McCurry,
   *449 U.S. 90, 90, 101 S. Ct. 411, 413, 66 L. Ed. 2d 308 (1980)* .............................. 5

Amnesty Am. v. Town of W. Hartford,
   *361 F.3d 113, 117 (2d Cir. 2004)* ........................................................................ 20

Ashcroft v. Iqbal,
   *556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009)* .................... 4

Bass v. Jackson,
   *790 F.2d 260, 261 (2d Cir. 1986)* ........................................................................ 14

Batista v. Rodriguez,
   *702 F.2d 393, 394 (2d Cir. 1983)* ........................................................................ 20

Benacquista v. Spratt,
   *217 F. Supp. 3d 588, 594 (N.D.N.Y. 2016)* .......................................................... 19

Caidor v. M&T Bank,
   *No. 5:05-CV-297FJSGJD, 2006 WL 839547, at *1 (N.D.N.Y. Mar. 27, 2006)* .......... 20

Campo v. New York City Employees' Ret. Sys.,
   *843 F.2d 96, 98 (2d Cir. 1988)* ............................................................................ 16

Carter v. Broome Cnty.,
   *394 F. Supp. 3d 228, 233 (N.D.N.Y. 2019)* ....................................................... 18,19

Cash v. Cnty. of Erie,
   *654 F.3d 324, 328 (2d Cir. 2011)* ........................................................................ 19

C.A.U.T.I.O.N., Ltd. v. City of New York,
   *898 F. Supp. 1065, 1067 (S.D.N.Y. 1995)* ........................................................... 15

Cine SK8, Inc. v. Town of Henrietta,
    *507 F.3d 778, 780 (2d Cir. 2007)* ................................................................. 17

Collazo v. Cnty. of Suffolk,
    *163 F. Supp. 3d 27, 34 (E.D.N.Y. 2016)* ...................................................... 20

Connick v. Thompson,
    *563 U.S. 51, 131 S. Ct. 1350, 1354, 179 L. Ed. 2d 417 (2011)* ................... 19

Daniels v. City of Binghamton,
    *No. 3:95-CV-688, 1998 WL 357336, at \*1 (N.D.N.Y. June 29, 1998)* .......... 11

Demoret v. Zegarelli,
    *451 F.3d 140, 144 (2d Cir. 2006)* .................................................................. 12

DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,
    *489 U.S. 189, 189, 109 S. Ct. 998, 999, 103 L. Ed. 2d 249 (1989)* .............. 11

DiStiso v. Cook,
    *691 F.3d 226, 228 (2d Cir. 2012)* .................................................................. 11

Dwares v. City of New York,
    *985 F.2d 94, 96 (2d Cir. 1993)* ..................................................................... 19

Eagleston v. Cnty. of Suffolk,
    *790 F. Supp. 416, 417 (E.D.N.Y. 1992), aff'd sub nom. Eagleston v. Guido, 41 F.3d 865*
    *(2d Cir. 1994)* ............................................................................................... 11

Flaherty v. Lang,
    *199 F.3d 607, 610 (2d Cir. 1999)* ................................................................... 5

Friend v. Gasparino,
    *61 F.4th 77, 82 (2d Cir. 2023)* ...................................................................... 19

Gierlinger v. New York State Police,
    *15 F.3d 32, 32 (2d Cir. 1994)* ....................................................................... 12

Gordon v. Niagara Wheatfield Cent. Sch. Dist.,
    *No. 122CV00172JLSMJR, 2023 WL 6520216, at \*1 (W.D.N.Y. Aug. 22, 2023), report
    and recommendation adopted, No. 22CV172JLSMJR, 2023 WL 6227616 (W.D.N.Y. Sept.
    26, 2023)* ...................................................................................... 11

Grullon v. City of New Haven,
    *720 F.3d 133, 135 (2d Cir. 2013)* .............................................................. 14

In re Nortel Networks Corp. Sec. Litig.,
    *539 F.3d 129, 130 (2d Cir. 2008)* .............................................................. 7

Irwin v. City of New York,
    *902 F. Supp. 442, 444 (S.D.N.Y. 1995)* ...................................... 14, 15, 16

Jones v. City of New York,
    *No. 13-CV-929 (ALC), 2016 WL 1322443, at \*1 (S.D.N.Y. Mar. 31, 2016)* ............... 21

Lee v. Verizon,
    *No. 15-CV-523 (DLI)(PK), 2016 WL 737916, at \*1 (E.D.N.Y. Feb. 23, 2016)* ........... 4

Loc. 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Town of
Huntington,
    *31 F.3d 1191, 1192 (2d Cir. 1994)* ............................................................ 14

Maharaj v. Bankamerica Corp.,
    *128 F.3d 94, 95 (2d Cir. 1997)* ................................................................ 5

McGrath v. Dominican Coll. of Blauvelt, New York,
    *672 F. Supp. 2d 477, 480 (S.D.N.Y. 2009)* ................................................... 11

Mehta v. Surles,
    *905 F.2d 595, 596 (2d Cir. 1990)* ............................................................. 14

Monell v. Dep't of Soc. Servs. of City of New York,
    *436 U.S. 658, 658, 98 S. Ct. 2018, 2019, 56 L. Ed. 2d 611 (1978)* .............. 19, 21

Monette v. Cnty. of Nassau,
    *No. 11-CV-539 JFB AKT, 2015 WL 1469982, at \*1 (E.D.N.Y. Mar. 31, 2015)* ........... 20

Morrison v. Scotia Cap. (USA) Inc.,
  No. 21-CV-1859 (SHS), 2023 WL 8307930, at *1 (S.D.N.Y. Dec. 1, 2023) .................. 1

Nardoni v. City of New York,
  331 F. Supp. 3d 116, 119 (S.D.N.Y. 2018) ................................................... 18

Natale v. Town of Ridgefield,
  170 F.3d 258, 259 (2d Cir. 1999) ............................................................ 17

Ocasio v. City of Canandaigua,
  513 F. Supp. 3d 310, 317 (W.D.N.Y. 2021) ................................................ 21

Patterson v. Cnty. of Oneida,
  N.Y., 375 F.3d 206, 211 (2d Cir. 2004) ..................................................... 10

Phillips ex rel. Green v. City of New York,
  453 F. Supp. 2d 690, 697 (S.D.N.Y. 2006) ............................................. 19, 20

Reynolds v. City of New York,
  No. 22-CV-1910 (VEC), 2022 WL 17792394, at *1 (S.D.N.Y. Dec. 19, 2022), aff'd, No.
  23-76-CV, 2024 WL 1043495 (2d Cir. Mar. 11, 2024) ................................. 1, 6, 7, 18

Rivet v. Regions Bank of Louisiana,
  522 U.S. 470, 470, 118 S. Ct. 921, 922, 139 L. Ed. 2d 912 (1998) ............................ 5

Roth v. Jennings,
  489 F.3d 499, 500 (2d Cir. 2007) ............................................................. 4

Rothstein v. UBS AG,
  708 F.3d 82, 84 (2d Cir. 2013) ............................................................... 4

Santos v. New York City,
  847 F. Supp. 2d 573, 575 (S.D.N.Y. 2012) ................................................... 20

Sloup v. Loeffler,
  No. 05-CV-1766 JFB (AKT), 2008 WL 3978208, at *1 (E.D.N.Y. Aug. 21, 2008) ......... 17

Soso v. New York City Dep't of Educ.,
  No. 221CV4660LDHTAM, 2023 WL 2667048, at *1 (E.D.N.Y. Mar. 28, 2023) ........... 12

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.,
*220 F.R.D. 404, 405 (S.D.N.Y. 2004)* ......................................................... 7

Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.,
*757 F. Supp. 2d 218, 220 (E.D.N.Y. 2010)* .................................................. 5

Vega v. Hempstead Union Free Sch. Dist.,
*801 F.3d 72, 75 (2d Cir. 2015)* .................................................................. 12

Wetzel v. Town of Orangetown,
*No. 06 CIV. 6117 SCR, 2010 WL 743039, at \*1 (S.D.N.Y. Mar. 2, 2010)* ............... 8

Williams v. Smith,
*781 F.2d 319, 320 (2d Cir. 1986)* ............................................................... 20

Williams v. Williams,
*23 N.Y.2d 592, 246 N.E.2d 333 (1969)* ......................................................... 7

Zinermon v. Burch,
*494 U.S. 113, 113, 110 S. Ct. 975, 976, 108 L. Ed. 2d 100 (1990)* ....................... 15

## Statutes:

42 U.S.C.A. § 2000e ....................................................................................... 10

42 U.S.C. § 1981 ...................................................................................... 10, 11

42 U.S.C. § 1983 ························· 2, 3, 6, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20

NY EXEC § 296 ............................................................................................ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TERRENCE REYNOLDS,

                       *Plaintiff,*

       -against-

**DOCKET NO.:** 1:23-cv-09792-DEH


**MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS
MOTION TO DISMISS THE
COMPLAINT**

THE CITY OF NEW YORK,
GEROULD MCCOY (*in his
individual and official capacity*),
HAMAN (*in his individual and
official capacity*), CHRISTOPHER
MARTELL (*in his individual and
official capacity*) and MICHAEL
PARENTE (*in his individual and
official capacity*),

                  *Defendants.*
----------------------------------------------------------------- X

      Plaintiff, TERRENCE REYNOLDS, by his attorneys The Law Offices of Geoffrey T.

Mott, P.C., Geoffrey T. Mott, Esq. and Cathryn Harris-Marchesi, Esq., respectfully submits the

herein Opposition to Defendants' Motion to Dismiss.

**PRELIMINARY STATEMENT**

      Plaintiff contends that the Court should deny Defendants' motion to dismiss in its entirety

or grant Plaintiff leave to amend the Complaint.  Plaintiff has established that *res judicata* should

not be applied in the herein matter, and that Plaintiff has sufficiently plead all claims.  Additionally,

*res judicata* does not apply regarding the Adult Survivors Act (herein "ASA"), as said Act was

signed into law on May 24, 2022 and did not become effective until November of 2022 **after**

Plaintiff filed his Amended Complaint (herein "AC") in *Reynolds v. The City of New York*, Case

1

No. 22-CV-1910 (VEC) (herein *Reynolds I*) on May 22, 2022. *See Morrison v. Scotia Cap. (USA) Inc.*, No. 21-CV-1859 (SHS), 2023 WL 8307930, at *2 (S.D.N.Y. Dec. 1, 2023). Defendants failed to address the ASA within their motion to dismiss and therefore foreclosed any argument to dismiss the ASA claims in their reply to the herein motion to dismiss.

Further, in numerous instances, discussed in depth *supra*, Defendants employed the incorrect legal standards and misinterpreted the law to support their position. Plaintiff also plead his §1983 claims in paragraph one of the Complaint which explicitly states that all of said claims are pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. (*See* Exh. A, Complaint in the matter of Terrence Reynolds v. The City of New York, Gerould McCoy, Haman, Christopher Martell and Michael Parente, filed under case no. 1:23-cv-09792-DEH, in the United States District Court for the Southern District of New York). As discovery has yet to begin in the herein matter, there would be no prejudice to the Defendants if the Court granted Plaintiff leave to amend the complaint. Furthermore, Defendant Christopher Martell was personally served on April 9, 2024, as reflected in the court docket, as such dismissal based on failure to serve is moot.

## FACTUAL BACKGROUND

Plaintiff was employed by Defendant New York City (herein "Defendant NYC"), for seventeen (17) years, commencing in or about 2004. Plaintiff was hired to work at NYC's Department of Environmental Protection (DEP) as a Sewage Treatment Worker. (Exh. A, Complaint ¶ ¶ 14-17). Plaintiff never had any disciplinary issues with Defendants until Plaintiff began to report illegal activities occurring at the DEP Ward Island facility. Specifically, Plaintiff made complaints regarding Defendant Michael Parente's (herein "Defendant Parente") intoxication at work which put other employees in danger. (Exh. A, Complaint ¶ 18).

2

On or about May 28, 2020, Defendant Parente cornered Plaintiff in the shower room at Defendant NYC's Ward Island worksite while Plaintiff was showering.  Defendant Parente beat Plaintiff causing severe injuries to Plaintiff's shoulder, arm and hand, as well as causing a laceration to Plaintiff's head.  (Exh. A, Complaint ¶ ¶ 22-29). Plaintiff was unclothed during the beating, which a colleague, Pat Burns observed.  Defendant Parente knocked Plaintiff to the ground and then exposed himself to Plaintiff, putting his penis in Plaintiff's face.  Defendant Parente's penis made contact with Plaintiff and Defendant Parente told Plaintiff to "suck my dick."  Both Pat Burns and Defendant Parente laughed during the incident.

Plaintiff reported the incident of sexual and physical assault to the supervisors at Defendant NYC's Ward Island DEP facility, including Defendants Christopher Martell (herein "Defendant Martell"), Gerould McCoy (herein Defendant McCoy) and Supervisor Haman (herein "Defendant Haman").  (Exh. A, Complaint ¶ 30).  As a result, Defendants filed false disciplinary allegations against Plaintiff, fabricated evidence against Plaintiff and encouraged other employees to provide false testimony against Plaintiff at the Oath Hearing.  Defendants' actions were to punish Plaintiff for reporting the sexual and physical assault by Defendant Parente internally and for filing criminal charges against Defendant Parente with the New York City Police Department (herein "NYPD"). (Exh. A, Complaint ¶ ¶ 30-35).  Further details regarding Plaintiff's pleadings are discussed infra in the argument section in the interest of brevity.

## PROCEDURAL HISTORY

Plaintiff's original counsel filed a complaint on March 7, 2022, alleging solely violations of the First Amendment via 42 U.S.C. Section 1983 and a violation of New York Labor Law Section 740.  Defendant NYC filed a motion to dismiss Plaintiff's complaint and the Court permitted Plaintiff to amend the Complaint on April 29, 2022.  Plaintiff's Amended Complaint

now solely alleged Section 1983 First Amendment violations. Said Amended Complaint failed to sufficiently plead Plaintiff's First Amendment claims and therefore, the Amended Complaint was dismissed on December 20, 2022. (*See* Exh. B, United States Civil Docket Report in the matter of Terrence Reynolds v. The City of New York, filed under case no. 1:22-CV-01910-vec in the United States District Court for the Southern District of New York).

Plaintiff then retained the undersigned counsel and filed a notice of appeal on January 1, 2023. *Id.* Plaintiff's counsel filed an appeal with the Second Circuit Court of Appeals, which was ultimately denied on March 11, 2024. (*See* Exh. C, Second Circuit Court of Appeals Decision in the matter of Terrence Reynolds v. The City of New York, filed under case no. 23-76 in the Second Circuit Court of Appeals). In the meantime, Plaintiff filed the Complaint in the within action on November 7, 2023, in order to ensure Plaintiff's Adult Survivor's Act claims and other claims asserted herein did not run the statute of limitations.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, courts must accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Rothstein v. UBS AG,* 708 F.3d 82, 90 (2d Cir. 2013). In deciding the motion, "courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit and matters of which judicial notice may be taken."

*Lee v. Verizon*, No. 15-CV-523 (DLI)(PK), 2016 WL 737916, at *2 (E.D.N.Y. 2016); *see, e.g.,*
*Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

Applying the above standards to Plaintiff's Complaint, Defendants have clearly failed to
meet their legal burden under Fed. Rule Civ. Pro. 12(b)(6) and 12(c) – thus their motion to dismiss
must be denied.

## ARGUMENT

### PONT I

### PLAINTIFF'S CLAIMS AGAINST DEFENDENT NEW YORK CITY ARE NOT SUBJECT TO *RES JUDICATA*

Under the doctrine of *res judicata,* otherwise known as claim preclusion, " 'a final
judgment on the merits of an action precludes the parties or their privies from relitigating issues
that were *or could have been* raised in that action.' " *Flaherty v. Lang,* 199 F.3d 607, 612 (2d
Cir.1999) (emphasis in original) (internal quotation marks omitted) (*quoting Rivet v. Regions Bank
of La.,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)); *accord Allen v. McCurry,* 449 U.S.
90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The doctrine applies only if "(1) the previous action
involved an adjudication on the merits; (2) the previous action involved the [parties] or those in
privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been,
raised in the prior action." *Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 284–85 (2d
Cir.2000).

"In determining whether a second suit is barred by this doctrine, the fact that the first and
second suits involved the same parties, similar legal issues, similar facts, or essentially the same
type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d
Cir.1997). "Rather, the first judgment will preclude a second suit only when it involves the same
'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second

Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 224 (E.D.N.Y. 2010); *quoting Flaherty,* 199 F.3d at 613.

All of Plaintiff's claims in the within Complaint are based on the sexual assault by Defendant Parente that occurred in the shower room at Defendant NYC's Ward Island DEP facility. Said sexual assault was reported to Defendant Martell and Defendant Haman, who oversaw the facility.[1] (Exh. A, Complaint ¶ 30). Said Defendants orchestrated a coverup with the aid of Defendant McCoy, which included relocating Defendant Parente to avoid his arrest by the NYPD and creating a narrative of false complaints and discipline with the sole objective of terminating Plintiff. (Exh. A, Complaint ¶ 37). In *Reynolds I* the sole Defendant was New York City and the sole claim was First Amendment Retaliation. As such, claims regarding sexual assault were not at issue in *Reynolds I*, nor where Plaintiff's herein claims pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution for violations of due process, substantive due process, equal protection, failure to intervene, failure to supervise under Section 1983 and Plaintiff's State ASA Claims. (*See* Exh. A, Complaint ¶1). In fact, the ASA claim was not available to Plaintiff when *Reynolds I* was filed, nor when the AC was filed, as discussed *supra* in the Preliminary Statement. Similarly, Defendant Parente, Defendant McCoy, Defendant Martell and Defendant Haman were not Defendants in *Reynolds I*.

Plaintiff acknowledges that some of the facts and circumstances surrounding the sexual assault by Defendant Parente are based on the same events. Plaintiff contends that the prior counsel in *Reynolds I* failed to present all of Plaintiff's claims, unbeknownst to Plaintiff, and as

---

[1] If the Court finds that further clarification is required beyond ¶¶ 14, 43 46, 88, 109 in the Complaint, Plaintiff respectfully requests the Court grant Plaintiff leave to amend the Complaint with more specificity regarding Plaintiff reporting the sexual assault to the Plant supervisor, Defendant Martell and supervisor Defendant Haman.

such, provided Plaintiff deficient counsel/legal advice.  Former Counsel's glaring omissions in representation were also noted in the Second Circuit's decision in *Reynolds I* :

> Here Reynolds's Amended Complaint is devoid of any assertions articulating the nature of his job responsibilities and how his complaints fell outside of those duties. (*See* Exh. C, Second Circuit Court of Appeals Decision, p. 7).

-----------------------------------------

> While Reynolds also alleges that he spoke as a citizen because he informed the New York Police Department (NYPD) of the physical assault, the argument is waived because it was never raised before in the district court. *See In re Norel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).  In any event, it lacks merit because Reynolds does not allege that he informed the NYPD of any of the illegalities that serve as the basis of his retaliation claim.    (*See* Exh. C, Second Circuit Court of Appeals Decision, p. 8 fn.2).

As "[a] clear preference exists for cases to be adjudicated on the merits," Plaintiff should be permitted to proceed on the herein federal claims, as all said claims are within the statute of limitations[2], rather than be punished for the lack luster representation of Plaintiff's former counsel. *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004).

Furthermore, at the time the herein Complaint was filed on November 7, 2023, the Second Circuit had yet to make its determination in *Reynolds I*. As such, at the time of the filing in the within matter, there was no final decision on the merits of the First Amendment Retaliation claim, the sole claim in *Reynolds I*.  Plaintiff does not seek to re-litigate claims adjudicated in *Reynolds I*. Plaintiff solely wishes to litigate the claims that address the wrongs inflicted on him by the Defendants.  Plaintiff 's damages are not insignificant, as he was employed by Defendant NYC for approximately seventeen years with a pension and benefits, without issue until Plaintiff was

---

sexually assaulted by a violent felon employed by Defendant NYC. (Exh. A, Complaint ¶ ¶ 14-54).

As such the Court should permit Plaintiff to proceed with the litigation of all claims raised in his Complaint.

## POINT II

### PLAINTIFF HAS SUFFICENTLY PLEAD HIS ABUSE OF PROCESS CLAIM AND DEFENDANT NYC INCORRECTLY CONTENDS SAID CLAIM DOES NOT APPLY IN THE CIVIL CONTEXT

An abuse of process claim under New York State Law must pertain to "an unlawful interference with one's person or property." *Williams v. Williams*, 23 N.Y.2d 592, 596 (1969). A claim for abuse of process under New York State Law requires Plaintiff show that Defendants: 1) employed regularly issued civil or criminal process; 2) with intent to do harm without excuse of justification, and 3) used the process in a perverted manner to obtain a collateral objective. *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003). Defendants erroneously content that abuse of process can only be found in a criminal context. Not only an abuse of process be based on the improper use of the legal process in a civil hearing, disciplinary hearings in the context of public employment. *See Wetzel v. Town of Orangetown*, No. 06 CIV. 6117 SCR, 2010 WL 743039, at *5 (S.D.N.Y. Mar. 2, 2010)(Plaintiff's fourth cause of action, for abuse of process, is based on allegations that the disciplinary proceedings against Wetzel were unlawful because they were improperly motivated).

Plaintiff has sufficiently pled his claims for abuse of process. Specifically, Plaintiff is a public employee who was subject to an Oath Hearing regarding false disciplinary charges filed against Plaintiff, as the regularly issued civil process employed by Defendants NYC, Martell, Haman and McCoy. (Exh. A, Complaint ¶ 49). Plaintiff pled that the purpose of the false

allegations made against Plaintiff were to punish Plaintiff for: 1) reporting the sexual assault committed by Parente to Defendants NYC, Martell, Haman and McCoy; and 2) reporting the physical assault to the NYPD; 3) having Defendant Parente arrested; and 4) seeking the criminal prosecution of Defendant Parente, who is a convicted felon. (Exh. A, Complaint ¶ ¶ 47-54). To support this contention, Plaintiff additionally pled facts regarding individual Defendants Martell, Haman and McCoy moving Defendant Parente to different work locations to avoid arrest by the NYPD. (Exh. A, Complaint ¶ ¶ 33-36). The Complaint also includes a string of cases in which New York State and federal courts have found that Defendant NYC's DEP has created false disciplinary records based on fabricated testimony of employees. Said employees were awarded with promotions for providing false testimony at Oath Hearings against employees who were labelled "whistleblowers." (Exh. A, Complaint ¶ ¶ 47-54). Notably, the aforementioned citation span over at least three decades and illustrate the culture of institutionalized corruption regarding the treatment of "whistleblowers" that passes from supervisor to supervisor. Furthermore, the citations only represent the cases that were challenged and brought before a court, and as such does not represent all employees at Defendant NYC DEP that were subject to such abusive hearings.

The fact that Plaintiff has pled that he worked for Defendants for seventeen years without any disciplinary issues until his reporting of Defendant Parente, further supports Plaintiff's contention that said disciplinary actions were without justification. Specifically of note is the testimony during the Oath Hearing that Plaintiff allegedly threatened to shoot another employee with a 9-millimeter gun that Plaintiff was alleged to have in his vehicle at Defendant NYC's DEP Ward Island location. (Exh. A, Complaint ¶ ¶ 58-59). It is unfathomable in this day and age that if Plaintiff had actually made such a threat while at work, Defendants would not call the NYPD to

search Plaintiff 's vehicle and make a report to ensure the safety of their employees. In the case of Plaintiff, who vehemently denies said allegations, Defendants failed to call the police, check Plaintiff's vehicle and only issued discipline months after the alleged incident. Said failures by Defendants lend credibility to Plaintiff's version of the facts – the allegation is fictitious.

Defendants' collateral objectives were to punish Plaintiff for whistleblowing regarding the sexual assault by Parente, and for filing criminal charges against Defendant Parente that resulted in his arrest. (Exh. A, Complaint ¶ ¶ 47-54). Notably, Defendant Parente's designation as a felon who spent approximately six years in an Upstate, New York prison on manslaughter charges would most likely affect the charges brought against Defendant Parente for a crime of physical violence. Defendants' ultimate goal was to ensure the unjust termination of Plaintiff as a punishment which had severe financial ramifications.

As such, Plaintiff has pled with specificity regarding his abuse of process claims. Defendants' claims regarding abuse of process not applying to civil cases is erroneous. The Court must deny Defendants motion to dismiss, or in the alternative, allow Plaintiff leave to amend the Complaint.

## POINT III

### PLAINTIFF HAS SUFFICENTLY PLEAD HIS EQUAL PROTECTION CLAIMS PURSUANT TO THE FOURTEENTH AMENDMENT

Defendant NYC astoundingly contends that the herein Equal Protection claim pursuant to the Fourteenth Amendment should be dismissed because Plaintiff did not file a claim with the EEOC, New York State division of Human Rights or the New York City Commission on Human Rights alleging gender discrimination and therefore failed to exhaust his administrative remedies. Plaintiff has not plead discrimination claims pursuant to 42 U.S.C. §2000e – *seq*, Title VII of the Civil Rights Act of 1964, NY Exec. Law §296 or the New York City Human Rights Law. The

only law that REQUIRES filing with the EEOC is Title VII. In fact, NY Exec. Law §296 does not require any form of filing with an administrative agency prior to filing discrimination claims in court. The EEOC has absolutely no jurisdiction to determine claims brought pursuant the Equal Protection Clause, First Amendment or race claims pursuant to §1981 for that matter. As such Defendant NYC inexplicably attempts to create a non-existent legal hurdle as a basis to dismiss Plaintiff's Equal Protection claim. *See Patterson v. Cnty. of Oneida*, N.Y., 375 F.3d 206, 225 (2d Cir. 2004)(Claims under 42 U.S.C. §§ 1981 and 1983 need not be asserted within the 180– or 300– day period applicable to Title VII claims. The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years) The Court must deny the dismissal of Plaintiff's Equal Protection claim based on Defendant NYC's erroneous understanding of the law.

Furthermore, Plaintiff has successfully made out his claim for Section 1983 Equal Protection. "[T]o state a Section 1983 Equal Protection harassment claim, a plaintiff must plead that (1) he was harassed by others based on a protected characteristic, such as sex, (2) the harassment was "actually known" to the defendant's officials, and (3) the defendant's 'response to such harassment was so clearly unreasonable in light of the known circumstances as to give rise to a reasonable inference that the defendant himself intended for the harassment to occur.'" *Gordon v. Niagara Wheatfield Cent. Sch. Dist.*, No. 122CV00172JLSMJR, 2023 WL 6520216, at *10 (W.D.N.Y. Aug. 22, 2023), report and recommendation adopted, No. 22CV172JLSMJR, 2023 WL 6227616 (W.D.N.Y. Sept. 26, 2023) *quoting DiStiso v. Cook*, 691 F.3d 226, 240-41 (2d Cir. 2012). The Second Circuit has further explained that, in establishing an Equal Protection claim, "it is not necessary to prove that the defendant fully appreciated the harmful consequences of that discrimination," but instead a plaintiff must show that the defendant's response to the discrimination was clearly unreasonable in light of the facts at hand. *Id.*

Plaintiff had a federal right to a non-discriminatory investigation. *See McGrath v. Dominican Coll. of Blauvelt, New York*, 672 F. Supp. 2d 477, 490 (S.D.N.Y. 2009)(victim of sexual assault has a federal right to nondiscriminatory investigation into sexual assault; *Daniels v. City of Binghamton*, No. 95–CV–688, 1998 WL 357336, at *5 (N.D.N.Y. June 29, 1998) ("Courts have recognized section 1983 equal protection claims based upon discriminatory failures by public officials to conduct proper investigations."); *Eagleston v. County of Suffolk*, 790 F.Supp. 416, 421–22 (E.D.N.Y.1992) (upholding § 1983 claim against police based on equal protection for failure to investigate violation of protective order reported by plaintiff); *see also DeShaney v. Winnebago County Dep't. of Social Servs.*, 489 U.S. 189, 197 n. 3, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (noting that the Equal Protection Clause is violated when a State selectively denies protective services to a certain disfavored minority).

Of particular relevance here, the Equal Protection Clause of the Fourteenth Amendment guarantees the right to be free from discrimination, including hostile work environments and retaliation for complaining about the same. *Soso v. New York City Dep't of Educ.*, No. 221CV4660LDHTAM, 2023 WL 2667048, at *5 (E.D.N.Y. Mar. 28, 2023); *citing Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015) ("When a supervisor retaliates against an employee because he complained of discrimination, the retaliation constitutes intentional discrimination for purposes of the Equal Protection Clause."). "Section 1983 liability can be imposed upon individual employers, or responsible supervisors, for failing properly to investigate and address allegations of sexual harassment when through this failure, the conduct becomes an accepted custom or practice of the employer." *Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2d Cir. 1994).

Plaintiff pled to his sexual assault in the shower room at Defendant NYC's DEP Ward Island facility. The sexual and physical assault was perpetrated by Defendant Parente, a known violent felon, who worked at the same location as Plaintiff for Defendant NYC. (Exh. A, Complaint ¶ 37). Specifically, Plaintiff was unclothed and taking a shower, when he was physically and sexually assaulted by Defendant Parente. Defendant Parente beat Plaintiff causing lasting physical damage to Plaintiff's shoulder and rotator cuff. Defendant Parente exposed himself to Plaintiff, causing his penis to make physical contact with Plaintiff's face, and instructed Plaintiff to "suck my dick." (Exh. A, Complaint ¶ 27). Plaintiff was knocked to the ground just prior to the sexual assault by Defendant Parente. Plaintiff sustained injuries to his head when it came into contact with the corner of a sink, as a result of Defendant Parente's assault on Plaintiff. (Exh. A, Complaint ¶ 27). Defendant Parente laughed along with another employee, Pat Burns, as Parente sexually and physically assaulted Plaintiff. (Exh. A, Complaint ¶ 27).

Plaintiff reported the sexual and physical assault to Defendants Martell[3] and Haman, who at the time were supervisors at the Ward Island DEP. The result of Plaintiff reporting the sexual and physical assault to his Superiors was for said Superiors Defendants Martell, Haman and McCoy, to embark on a crusade to terminate Plaintiff, as discussed in **POINT II** *supra*. Defendant Parente was not disciplined, subjected to an Oath Hearing or terminated. As such, Defendants failed to conduct a proper investigation into the sexual and physical assault on Plaintiff. Plaintiff further pled that if Defendant Parente had sexually assaulted a female employee an investigation would have taken place and Defendant Parente would have faced serious consequences. (Exh. A, Complaint ¶ 74). The fact that Plaintiff is male, and that Defendant Parente is male, Defendants failed to properly investigate Plaintiff's claims and rather chose to retaliate against Plaintiff by

---

[3] Plaintiff has since learned that Defendant Martell was the Head Supervisor for the entire Ward Island DEP facility. If the Court deems necessary, and grants leave to amend the complaint, Plaintiff will include this fact.

subjecting him to a sham disciplinary hearing resulting in an unjustified termination. (Exh. A, Complaint ¶ ¶ 43-54).

As such Plaintiff pled his claims pursuant to the Equal Protections Clause with the requisite specificity and the Court must permit the Plaintiff to proceed with the litigation of said claim or in the alternative, grant Plaintiff leave to amend the Complaint.

### A. Individual Liability Pursuant to §1983 Equal Protection Harassment Claim

Because Plaintiff alleges his "Section 1983 Equal Protection harassment claim against all individual defendants in their personal capacities, the Court must further address the sufficiency of plaintiff's allegations against each individual defendant. It is well settled that, to establish a defendant's individual liability in a suit brought under Section 1983, a plaintiff must show 'the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013)*. Thus, "plaintiff must allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)*.

Plaintiff has pled with specificity regarding each individual Defendants participation in the denial of equal protection based on gender. Defendant Parente was the assailant who sexually and physically assaulted Plaintiff. Said assaults resulted in Plaintiff's physical and psychological injuries. (Exh. A, Complaint ¶ 31). Plaintiff's pleading inculpate Defendant Martell, Haman and McCoy in the failure to investigate Plaintiff's claims of sexual assault properly and their participation in the fabrication of false disciplinary claims against Plaintiff that resulted in the Oath Hearing and Plaintiff's termination. *See* **POINT II** *supra*; *see also* (Exh. A, Complaint ¶ ¶ 30-35).

As such, Plaintiff has sufficiently pled individual liability against Defendant Martell, McCoy, Haman and Parente and the Court should permit Plaintiff continue litigation of said claims.  In the alternative, the Court should permit Plaintiff leave to amend.

## POINT IV
## PLAINTIFF HAS SUFFICENTLY PLEAD HIS FIFTH AMENDMENT DUE PROCESS AND SUBSTANTIVE DUE PROCESS CLAIMS

### A. Procedural Due Process

"In order to prevail in such an action, a plaintiff must "first identify a property right, second show that the State has deprived him of that right, and third show that the deprivation was effected without due process." *Irwin v. City of New York*, 902 F. Supp. 442, 446–47 (S.D.N.Y. 1995) *citing Local 342, Long Island Public Serv. Employees*, UMD, ILA, AFL–CIO v. Town Bd. of Huntington, 31 F.3d 1191, 1194 (2d Cir.1994) (*quoting Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir.1990) (per curiam)).  There is no dispute that Plaintiff has a property right in his employment as a public employee.  Defendants rather contend that Plaintiff had sufficient post deprivation due process by the availability of Article 78 hearing.

Defendant erroneously contends that because an Article 78 hearing was available to Plaintiff, there was sufficient post deprivation proceeding available, and therefore there can be no Section 1983 Fifth Amendment violation of procedural due process.  Defendant relies on *Irwin v. City of N.Y.*, 902 F. Supp. 442 (S.D.N.Y. 1995) to support this contention however, further in its decision the Irwin Court discusses when the availability of an Article 78 hearing does not satisfy said procedural due process:

> In 1990, however, the Supreme Court held in *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), that:

> "the existence of state remedies will not preclude procedural due process claims where (1) the risk of the deprivation complained of was foreseeable to the State, (2) the State might have reduced that risk either through additional predeprivation safeguards or by limiting the defendants' discretion in implementing established procedures, and (3) the defendants are authorized by the State to implement the requisite safeguards." *C.A.U.T.I.O.N., Ltd. v. City of New York*, 898 F.Supp. 1065, 1071 (S.D.N.Y.1995).

*Irwin*, 902 F. Supp. at 448.

Plaintiff's due process claims are based on Defendants fabrication of evidence, testimony and disciplinary incidents. The deprivation via the fabrication of evidence, testimony, etc. was foreseeable as represented by the litany of cases Plaintiff included in his pleadings regarding the same concocted over decades at Defendant NYC DEP. *See* **POINT II** *supra*; *see also* (Exh. A, Complaint ¶ ¶ 47-54). Cases of unjust Oath Hearings related to whistleblowers employed by Defendant NYC's DEP evidences an institutionalized corruption regarding the creation of false disciplinary actions at DEP to unjustly terminate employees who file complaints. Defendant NYC failed to address Plaintiff's claims regarding the false testimony presented and has failed to limit Defendant NYC supervisors at DEP from bringing forth fabricated issues for Oath Hearings. Defendant NYC could have provided an outside review of disciplinary claims brought forth by DEP but has not done so effectively. Defendant NYC has complete autonomy regarding Oath Hearings including policies, procedures and who acts as hearing officers. As such Plaintiff's Fifth Amendment due process via §1983 against Defendant NYC is not foreclosed by the existence of Article 78.

Furthermore, Defendants citation to *Irwin* relies on the *Campo* Court which determined when the issue before the court is solely one of procedural due process, *simpliciter*, then due process is satisfied by an Article 78, however if the claim is not *simpliciter*, State post deprivation remedies are not sufficient to satisfy due process as a matter of law:

> For purposes of widow's claim she was deprived of her constitutional rights with respect to denial of survivor benefits under former city employee's pension, Court of Appeals would treat widow's claim as being based on isolated incident, where there was no claim that city retirement system's alleged deprivation of widow's asserted property right was anything other than isolated instance and no claim that deprivation resulted from practice or custom of the agency.

*Campo v. New York City Employees' Ret. Sys.*, 843 F.2d 96 (2d Cir. 1988). Both *Irwin* and *Campo* are inapposite to Plaintiff's herein due process claims, as Irwin and Campo involve discrete isolated incidents, such as the denial of the benefits from the New York State Retirement Fund of a deceased spouse based on the spouse's election, and Plaintiff's due process claims are not *simpliciter*, but rather more complex. Said complexity is discussed directly supra in terms of the fabrication of evidence, false testimony, promotions and rewards for providing false witness and Defendant NYC's DEP's long history of said deprivation.

As such, the Court must permit Plaintiff to continue litigation of his Fifth Amendment Due Process claim, which is adequately pled and not satisfied by post deprivation hearing pursuant to Article 78. In the alternative, the Court should grant Plaintiff leave to amend the complaint.

**B. <u>Substantive Due Process</u>**

To sufficiently plead a claim for a violation of substantive due process the Plaintiff must sufficiently allege: (1) a "valid property interest" or "fundamental right"; and (2) that the defendant infringed on that right by conduct that "shocks the conscience" or suggests a "gross abuse of governmental authority." *Sloup v. Loeffler,* No. 05–CV–1766 JFB (AKT), 2008 WL 3978208, at *10 (E.D.N.Y. Aug. 21, 2008) (citing *Cine SK8 v. Town of Henrietta,* 507 F.3d 778, 784 (2d Cir.2007)); *see also Natale v. Town of Ridgefield,* 170 F.3d 258, 262 (2d Cir.1999) ("For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.' "). A claim for substantive due process based upon alleged conduct that was " 'arbitrary,' 'conscience shocking,'

or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised" suffices the pleading standard. *Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 260 (E.D.N.Y. 2014).

Plaintiff had successfully plead his substantive due process claim as there is no dispute that Plaintiff has a property right in his employment as a public employee. Plaintiff sufficiently pled that Defendant NYC deprived Plaintiff of the property right through concocting false disciplinary allegations, providing false testimony and fabricating evidence to unjustly deprived Plaintiff of his employment, pension and benefits. *See* **POINT II** *supra*. Said actions by Defendant NYC, Martell, McCoy and Haman were intentional and done knowingly. Plaintiff provided in his pleadings numerous cases where Defendant NYC's DEP was found by courts to have leveled false allegations against whistleblowers in order to terminate said whistleblower's employment. *Id.* In the herein matter, Defendant NYC unjustly terminated Plaintiff's employment for reporting sexual and physical assault by a known violent felon employed by Defendant NYC at the same facility as Plaintiff.

As such, Plaintiff has adequately plead his Fifth Amendment abuse of process claim and the Court must permit Plaintiff to continue to litigate said claim or in the alternative grant leave for Plaintiff to amend the Complaint.

## POINT V

## PLAINTIFF HAS SUFFICENTLY PLEAD HIS MONELL CLAIMS

[I]n the context of § 1983 municipal liability, the presence of an underlying constitutional violation remains a "required predicate" even if the plaintiff elects not to name the directly responsible official(s) as defendants in the suit. *Carter v. Broome County*, 394 F.Supp.3d 228, 239-40 (NDNY 2019) citing *Nardoni v. City of N.Y.*, 331 F. Supp. 3d 116, 125 (S.D.N.Y. 2018). Notably, in the prior action  Plaintiff's former counsel solely based the then § 1983 claim on an

alleged violation of the Plaintiff's First Amendment rights. In the herein matter Plaintiff asserts his §1983 claims on alleged violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. As such, the elements for the alleged underlying Constitutional violations which are the basis for the herein §1983 are incongruent to those plead in the §1983 pursuant to First Amendment retaliation claim in *Reynolds I*. As such, no adjudication occurred regarding the herein constitutional violations as predicates for Defendant NYC' § 1983 liability in *Reynolds I*, and therefore remain viable.

Plaintiff has addressed Defendant NYC's liability under each federal Constitutional claim in **POINTs II** through **IV**. As such, Plaintiff plead sufficiently that Defendants have violated Plaintiff's Constitutional rights pursuant to the Fifth and Fourteenth Amendments. Plaintiff discusses the Fourth Amendment violations for failure to intervene and train below.

A municipality can be held under 42 U.S.C. § 1983 for unconstitutional violations of its employees if the alleged unconstitutional action "implements or executes a policy statement, ordinance, or regulation, or decision officially adopted and promulgated by the [municipality's] officers or even without formal governmental approval is visited pursuant to governmental custom." *Green v. City of New York*, 453 F.Supp.2d 690, 726 (S.D.N.Y. 2006) Section 1983 provides that:

> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "There are two distinct parts to a Section 1983 claim: first, whether the plaintiff has alleged that a person acting under color of state law has deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States *see Dwares v. City*

*of New York*, 985 F.2d 94, 98 (2d Cir. 1993); and second, whether the various defendants may be held liable for that action based on the requirements of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "However, a 'municipal policy may be pronounced or tacit and reflected in either action or inaction.' " *Carter v. Broome Cnty.*, 394 F. Supp. 3d 228, 241 (N.D.N.Y. 2019) (quoting *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011)); *see also Benacquista v. Spratt*, 217 F. Supp. 3d 588, 600 (N.D.N.Y. 2016) (a plaintiff **"must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists"**) (quoting *Santos v. New York City*, 847 F.Supp.2d 573, 576 (S.D.N.Y. 2012))(*Emphasis* added).

A policymaker must be shown to have "deliberate indifference" to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a 'deliberate choice,' that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983. *Amnesty America v. Town of West Hartford*, 361 F.3d. 113, 126 (2d Cir. 2004). Commissioners and Deputy Commissioners fall within the category of policymakers. *Monette v. Cty. Of Nassau*, 2015U.S. Dist. LEXIS 42523 (E.D.N.Y. Mar. 31, 2015); *see also Collazo v. Cty. of Suffolk*, 163 F. Supp. 3d 27 (E.D.N.Y. 2016).

Contrary to Defendants' contention **a single instance** of deliberate indifference to subordinates' actions **can provide a basis for municipal liability**. *Amnesty*, 361 F.3d at 127 (e*mphasis* added). There must be a causal connection between the deliberate indifference to a known injury, risk, or duty, and the failure to perform such duty or ameliorate such risk and the

constitutional violation. *Green*, 453 F.Supp.2d at 726. Furthermore, if "a supervisory official is deemed to have been personally involved in a constitutional violation" then the municipality is liable. *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).[M]unicipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification or unconstitutional conduct." *Caidor* 2006 WL839547 at *9 *citing Batista v. Rodriguez*, 702 F.2d 393,397 (2d Cir. 1983)(other citations omitted).

A failure to train claim requires an allegation that the municipality showed deliberate indifference to the risk that civil rights would be violated by the lack of training. Courts in the Second Circuit have articulated the elements of deliberate indifference for such a claim as follows:

> (1) a policymaker knows to a moral certainty that [his] employees will confront a given situation; (2) the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

*Ocasio v. City of Canandaigua*, 513 F. Supp. 3d 310, 326 (W.D.N.Y. 2021)(*quoting Jones v. City of New York*, 2016 WL 1322443 at *8, 2016 U.S. Dist. LEXIS 44609 at *26 (S.D.N.Y. 2016)).

Plaintiff sufficiently plead his Monell claims, as Plaintiff pled that the supervisors of Defendant NYC's DEP, Defendant Martell, Defendant Haman and Defendant McCoy, when faced with Plaintiff's complaint of sexual and physical assault, sought to terminate Plaintiff rather than investigate Plaintiff's claims. *See* POINT **II**, **III** and **IV** *Supra*. Furthermore, said Defendants embarked on a scheme, which symbolized the institutional corruption regarding the termination of whistleblowers from DEP. Plaintiff included in his pleadings a string of court decisions over decades explicitly finding that Defendant NYC's DEP routinely fabricates evidence, provides false testimony and awards employees who provide false testimony at Oath Hearings against

whistleblowers. *Id.* Defendant NYC and its Supervisors have failed to cease this pattern of abuse for decades. Defendant NYC and its Supervisors have failed to intervene, train and stop said unconstitutional practices and have participated in such deprivation. Defendant NYC has allowed said practices to continue which has fostered a culture at DEP in which Constitutional violations of employees are permissible.

Plaintiff has sufficiently plead his Monell Claims for violations of the Fourth, Fifth and Fourteenth Amendments including said facts for failure to intervene and failure to supervise. As such, the Court should permit Plaintiff to continue to litigate the herein claims, or, in the alternative the Court should allow Plaintiff leave to amend the Complaint.

**CONCLUSION**

As Plaintiff has made out his claims and res judicata does not apply, the Court must deny Defendants motion to dismiss in its entirety. In the alternative, Plaintiff requests that the Court allow Plaintiff leave to amend the Complaint, as litigation has just commenced and Defendants will not be prejudiced.

Date:   Woodbury, New York
        May 13, 2024                                  Respectfully submitted,


                                                      ___*/s/ Cathryn Harris-Marchesi*___
                                                      Cathryn Harris-Marchesi, Of Counsel
                                                      The Law Offices of Geoffrey T. Mott, P.C.
                                                      7600 Jericho Turnpike, Suite 105
                                                      Woodbury, New York, 11797
                                                      *Attorneys for Plaintiff*


To: Sylvia O. Hinds-Radix, Attorney for Defendants (via EFC)