UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRENCE REYNOLDS,

                                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK, GEROULD MCCOY(in
his individual and official capacity), HAMAN (first
name unknown) (in his individual and official
capacity), CHRISTOPHER MARTELL (in his
individual and official capacity) and MICHAEL
PARENTE (in his individual and official capacity),

                                                    Defendants.
------------------------------------------------------------------------ X

**REPLY MEMORANDUM
OF LAW IN FURTHER
SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS THE
COMPLAINT**

Index No. 23-cv-09792-DEH-
BCM

## PRELIMINARY STATEMENT

Plaintiff Terrence Reynolds ("Plaintiff") brings this action alleging that the above-named

defendants (collectively, "Defendants")[1] violated the Fourth, Fifth, and Fourteenth Amendments

to the U.S. Constitution, and that defendant Michael Parente ("Parente") is liable for battery

under New York State law.[2] Defendants moved to dismiss Plaintiff's complaint (ECF Doc No. 2)

("Complaint") because the Complaint fails to show Defendants acted discriminatorily, Plaintiff

was given due process when he had pre-and-post deprivation hearings available to him,

---

[1] Based upon information and belief, defendant Christopher Martell has not been served in this
matter. The affidavit of service alleges that a John Doe, a "co-resident," was served at
Christopher Martell's last known address. *See* Summons Return Executed (ECF Doc No. 31). It
is unclear how it was established that the person served is a "co-resident" of Martell, and
Plaintiff has not established that Martell still resides at the address where service was made. *See
Romero v. Dazzling Events, Inc., No.* 19 CV 5133 (AMD) (LB), 2020 WL 13577336, 2020 U.S.
Dist. LEXIS 245437 at * 21 (E.D.N.Y. Dec. 30, 2020) (casting doubt on process served on a
"John Doe" at an address not established to be the correct address of the defendant).
[2] Plaintiff attempts to raise an abuse of process claim under New York State law for the first time
in his opposition memorandum of law. *See infra* at 5-6.

Plaintiff's claims against the City of New York are barred by res judicata, and Plaintiff fails to plead municipal liability under *Monell*. Defendants filed their motion to dismiss on March 22, 2024. *See* ECF Doc. Nos. 21-24.  Plaintiff filed his opposition on May 13, 2024. *See* ECF Doc. Nos 32-33. As detailed below, Plaintiff does not even attempt to refute numerous arguments raised by Defendants that are fatal to Plaintiff's claims, and fails to show how his claims survive. Accordingly, the Complaint should be dismissed.

<u>**ARGUMENT**</u>

**POINT I**
**PLAINTIFF'S CLAIMS AGAINST THE CITY OF NEW YORK ARE BARRED BY RES JUDICATA.**

Plaintiff admits that he previously brought a claim based on the same operative facts as this action. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF Doc. No. 32) ("Plaintiff's Opp.) at 6. Accordingly, Plaintiff's claims against the City of New York are barred and must be dismissed. *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF Doc. No. 22) (Defs.' Mem. of Law") at 6-7. Plaintiff contends that his claims against the City of New York are not barred because (1) his instant claims are different from those previously brought, (2) Plaintiff's former counsel failed to raise the instant claims, and (3) his previously brought claim was not decided on the merits because Plaintiff's appealed the dismissal to the Second Circuit Court of Appeals and the Second Circuit decision was still pending when he filed the instant action. Plaintiff's Opp. at 5-7. For the following reasons, Plaintiff's contention are entirely without merit.

1.  **Plaintiff's claims are not saved because he raises new claims based on the same operative facts as his previous complaint.**

Plaintiff contends the claims based on the alleged sexual assault were not at issue in previously brought matter. Plaintiff's Opp. at 6. Plaintiff mischaracterizes his previous claims because the alleged sexual assault formed part of them, *see Exhibit 1 to Declaration in Support of Defendants' Motion to Dismiss the Complaint* at ¶¶ 14-21 (ECF Doc No. 23) ("Reynolds' 2022 Complaint"). However, his assertion that his instant claims are different from those he previously brought would not save his claims, even if true, because "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002).

Plaintiff also argues that his state battery claims are not precluded because his claims, brought pursuant to the New York State Adult Survivors Act, N.Y. C.P.L.R. § 214-j, were not available to him at that time. Defendants agree because those claims are brought against only Parente, who was not a defendant in Plaintiff's previous complaint.

2.  **Plaintiff's claims are not saved because his former counsel erred in failing to raise the instant claims.**

Plaintiff's claims are not saved because his prior counsel failed to raise the instant claims. *See e.g. Marcotte v. City of Rochester*, 677 F. App'x 723 (2d Cir. 2017) ("This court has never granted such an exception to the doctrine of res judicata based on allegations of ineptitude on the part of prior counsel, nor do we intend to do so here.") (citing *Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.*, 642 F.2d 31, 36 (2d Cir. 1981)).

3.  **Pending appeals do not turn a final judgment on the merits into something else.**

Judge Caprioni of the U.S. District Court in the United States District Court, Southern District of New York, dismissed Reynold's 2022 Complaint in its entirety on December 20,

Case 1:23-cv-09792-DEH    Document 34    Filed 05/30/24    Page 4 of 11


2022. *See* Ex. C to the Declaration of Cathryn Harris-Marchesi at 3 (ECF Doc. No. 33-3). A

pending appeal does not affect the preclusive effect of a judgment on the merits. *See e.g.*

*Gustavia Home, LLC v. Brown*, No. 16-CV-9318 (JMF), 2023 U.S. Dist. LEXIS 179562 at *5

(S.D.N.Y. Oct. 5, 2023) ("But it is well established that a pending appeal does not affect the

preclusive effect of a lower court judgement.") (citing *Ranasinghe v. Kennell*, No. 16-CV-2170

(JMF), 2017 U.S. Dist. LEXIS 10512, 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017), aff'd,

718 F. App'x 82 (2d Cir. 2018)); *see also Palmer-Williams v. United States*, 699 F. App'x 1, 3

(2d Cir. 2017). Plaintiff's contentions that there was no final judgment on the merits are

meritless and his claims against the City of the New York are precluded.

## POINT II
### PLAINTIFF HAS INSUFFICIENTLY PLED ABUSE OF PROCESS

Plaintiff contends that (1) abuse of process in civil matters is available *under New York*

*State law* and (2) that he has sufficiently pled the claim. Plaintiff's Opp. at 8-10. Plaintiff's

contentions are meritless and the claim should be dismissed for the following reasons.

1. **Plaintiff brings an abuse of process claim under the Fourth Amendment (via §
   1983) but cites only to New York State law for the proposition that abuse of
   process is available in the civil context.**

Plaintiff's Complaint alleges abuse of process pursuant to the Fourth Amendment and not

New York State law. *See* Compl. ¶¶ 1, 55-63. Plaintiff "may not amend his complaint to add new

claims by raising them for the first time in his motion papers." *Ifill v. N. Y. State Court Officers*

*Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009). However, even if Plaintiff had properly

brought his abuse of process claim pursuant to New York State law, both his federal and state

law abuse of process claims fail for the reasons set out in Defs.' Mem. of Law, at 9-11, and for

the following reasons.

**2.  There is no Constitutional claim for abuse of process in the civil context.**

When a Plaintiff pleads abuse of process, federal courts look to the state law for the elements of the claim. *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). However, "[t]he distinction between civil and criminal abuse of process is critical for section 1983 purposes." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). Section 1983 liability may not be predicated on a claim of abuse of civil process, *see e.g. Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009).

Plaintiff correctly contends that an abuse of process claim is available in the civil context under New York State law. However, Plaintiff fails to respond to Defendant's arguments that his federal law abuse of process claims should be dismissed and has therefore abandoned his claims. *Purdie v. Brown*, 14 Civ. 8490, 2015 WL 6741875, 2015 U.S. Dist. LEXIS 149820 at *19-20 (S.D.N.Y. Nov. 3, 2015) ("[P]laintiff's failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of those claims.")

**3.  Plaintiff suffered no constitutional violation and therefore has no abuse of process claim.**

Plaintiff fails to respond to Defendants' contention that his abuse of process claims fail because he pleads no Constitutional violation, *see* Defs,' Mem. of Law at 9-10. As a result, Plaintiff has abandoned his federal abuse of process claim. *Purdie,* 2015 WL 6741875, 2015 U.S. Dist. LEXIS 149820 at *19-20.

**4.  Plaintiff does not plead any collateral objective and his abuse of process claims fail under state and federal law.**

Plaintiff contends that Defendants' collateral objective is retaliation against Plaintiff for reporting the alleged sexual assault by Parente, reporting the physical assault by Parente to the NYPD, having Parente arrested, and seeking to have Parente prosecuted. Plaintiff's Opp. at 9, 10; *see also* Defs.' Mem. of Law at 10-11 (discussing elements of abuse of process); Plaintiff's

Opp. at 8 (same). Plaintiff offers no explanation or factual allegation that supports that any Defendant, other than Parente, retaliated against Plaintiff. *See generally* Compl.; *cf. id.* ¶ 20. Plaintiff made a complaint about Parente's alleged misconduct, and offers only conclusory statements that the remaining Defendants wanted to protect Parente. Compl. *Id.* ¶¶ 37, 75. Plaintiff offers no facts that might plausibly show that any Defendant, other than Parente, retaliated against Plaintiff or had retaliatory motive. *See e.g. Id.* ¶¶ 43, 44, 45, 46, 50, 53, 54, 56, 63, 68, 69. Moreover, Plaintiff does not allege that Parente testified or otherwise participated in his disciplinary hearing. *Id.* ¶ 57-58.

Finally, Plaintiff alleges that the retaliation was part of a municipal policy or practice to retaliate against whistleblowers. *See* Plaintiff's Opp. at 9. However, none of the cases Plaintiff cites supports his contention. Def's Mem. of Law at 17. Plaintiff cites seven cases to support his contentions but five of the cases were dismissed in favor of the defendants, one was withdrawn by the plaintiff, and the one remaining claim involved retaliation for alleged racial discrimination. *Id.*

### 5. Plaintiff's state law abuse of process claims should be dismissed because he did not file a notice of claim.

Plaintiff failed to respond to Defendants' contention that he did not satisfy the conditions precedent to bring this claim and has, therefore, abandoned his claim. *See* . Defs.' Mem. of Law at 11-12; *see also Purdie,* 2015 WL 6741875, 2015 U.S. Dist. LEXIS 149820 at *19-20.

**POINT III**
**PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR GENDER**
**DISCRIMINATION UNDER SECTION 1983**

### 1.  Parente did not act under the color of law.

Plaintiff does not allege that Michael Parente acted under the color of law when he allegedly assaulted Plaintiff. *See* Defs.' Mem. of Law at 13. Plaintiff does not allege any other claim under § 1983 against Parente. *See e.g.* Compl ¶ 85 (alleging that McCoy, Martell, and Haman failed to investigate Plaintiff's allegations). Plaintiff's discrimination claims against Parente should therefore be dismissed.

### 2.  Plaintiff never complained of sexual assault or discrimination.

Plaintiff's § 1983 claims fail against the remaining Defendants because Plaintiff's never complained of sexual assault or sex-based discrimination at any time. In an attempt to obfuscate, Plaintiff offers ambiguous allegations that imply that Defendants knew of Plaintiff's alleged sexual assault, s*ee* Compl. ¶¶ 43, 46, 48, 53, and 54, but Plaintiff's factual allegations support only the opposite conclusion: Plaintiff never reported sexual assault to any Defendant. Plaintiff goes even further in his Opposition Memo and contends that he "[r]eported the sexual and physical assault to Defendants Martell and Haman." However, Plaintiff alleges that he informed Defendants of the police reports that he made, *id.* ¶¶ 32, 89, 106, and Plaintiff admits that he never informed the NYPD of the alleged sexual assault. *Id.* ¶ 107. Plaintiff conspicuously never alleges any conversation, complaint, report, or other instance in which he communicated the sexual assault to Defendants. Despite Plaintiff's attempt to obfuscate and his unsupported assertions, the Complaint supports only the conclusion that Plaintiff never informed Defendants of any sexual assault. Defendants' never had knowledge of the alleged sexual nature of the

assault and Plaintiff has not sufficiently pled gender discrimination under § 1983. *See* Defs.'

Mem. of Law 13-14.

    **3. Plaintiff has not alleged a failure to investigate claim.**

    Plaintiff cites to a line of cases for the proposition that Plaintiff "has a federal right to

nondiscriminatory investigation into sexual assault." Plaintiff's Opp. at 12 (citing *Daniels v. City*

*of Binghamton*, No. 95-CV-688, 1998 U.S. Dist. LEXIS 9753, 1998 WL 357336, at *5

(N.D.N.Y. June 29, 1998)). Plaintiff's proffered case law does not support his claims. The court

in *Daniels* stated "[a]lthough there is no constitutional right to an investigation per se, public

officials, including law enforcement, may not selectively deny . . . protective services to certain

disfavored minorities without violating the Equal Protection Clause." *Daniels*, 1998 U.S. Dist.

LEXIS 9753 at14 (quotations omitted). Plaintiff does not allege any fact supporting his

contention that Defendant's failed to investigate his complaints because of a protected

characteristic, and admits that he never even told Defendants that he was sexually assaulted. See

*supra* 9-10. Plaintiff's failure to investigate claims are insufficient and his entire §1983 claim

should be dismissed.

**POINT IV**
**PLAINTIFF HAD DUE PROCESS**

    Plaintiff cites inapplicable case law and otherwise fails to rebut Defendants' arguments

set out in Defs.' Mem. of Law at 7-8. For example, Plaintiff cites *Irwin v.City of NY*, 902 F.

Supp. 442 (S.D.N.Y. 1995) for the proposition that the availability of Article 78 may not satisfy

due process *in all cases.* Plaintiff's Opp. at 15-16. But *Irwin* isn't analogous to the instant matter.

The plaintiff in *Irwin* had no predeprivation hearing and the *Irwin* court questioned whether

Article 78 was enough to satisfy due process when "[t]he risk of an arbitrary deprivation might

8

be reduced, either through additional predeprivation safeguards such as a hearing…" *Irwin* 902 F. Supp. at 448. Here, however, Plaintiff did have a predeprivation hearing, Compl. ¶¶ 47, 56, 57, 63; s*ee also Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) ("When such a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards.").

Moreover, Plaintiff contends that DEP has a pattern of fabricating false allegations against whistleblowers. Plaintiff's Opp. at 16. As Defendants have discussed, Plaintiff's cases do not support his contentions even in the slightest. *See* Defs.' Mem. Of Law at 17.

### Substantive Due Process

Plaintiff fails to state a substantive due process claims because his termination after a hearing does not shock the conscience. *See* Defs.' Mem. Of Law at 8-9. Plaintiff contends that the alleged fabrications by Martell, Haman and Lochan are sufficiently shocking to maintain his claim, but malicious charges do not state a substantive due process claim. *See Gallagher v. Bd. of Educ. of E. Hampton Union Free Sch.*, No. 16-CV-473 (SJF) (SIL), 2017 U.S. Dist. LEXIS 211264 at *15 (E.D.N.Y. Dec. 21, 2017).

## POINT V
## PLAINTIFF HAS NOT PLEADED MONELL LIABILITY

Plaintiff contends that he has sufficiently alleged *Monell* liability because (1) Defendants Martell, Haman and McCoy are municipal policy makers, and (2) that Plaintiff has showed municipal policy by offering a string of citations. Plaintiff's Opp. at 20-22.

1.  **Defendants Martell, Haman and McCoy are not "policy makers" under** *Monell*.

A policy maker, for purposes of *Monell*, "possesses final authority to establish municipal policy with respect to the action ordered…" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004). Plaintiff alleges that Haman and McCoy were "supervisors," Compl. ¶¶ 10, 11, and that Martell was a "sewage treatment worker." *Id.* at 13. Plaintiff does not allege that the individual Defendant possessed final authority to establish any municipal policy. Plaintiff offers only a vague and conclusory allegation that "Defendant NYC and its policy makers" participated in a cover up of the alleged assault. *Id.* at 54. Plaintiff's *Monell* claims should be dismissed.

2.  **Plaintiff's contentions that his citations show a policy consistent with Defendant's actions are baseless.**

As discussed in Defs,' Mem. Of Law, at 17, the cases Plaintiff's cite do not support his contentions. Of the seven cases he cites to allegedly show that there is a municipal policy of retaliating against whistleblowers, five were dismissed in favor of the defendants, one was withdrawn, and one involved only racial discrimination. *See Id.*

Plaintiff relies on the same irrelevant cases to support his claim of failure to supervise and train. He alleges that such cases show a decades long pattern that indicates NYC's failure to properly supervise in the instant matter. However, the cases do not support his contentions and his claims fail for the reasons set forth in Defs.' Mem. of Law at 14-17. [3]

---

[3] Plaintiff does not respond to Defendants' arguments that Plaintiff failed to allege a failure to intervene claim. Defs,' Mem. of Law at 18.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss

Plaintiff's Complaint in its entirety,[4] and grant such other and further relief as the Court deems

appropriate.

Dated:      New York, New York
             May 30, 2024

                      **SYLVIA O. HINDS-RADIX**
                      Corporation Counsel of the City of New York
                      Attorney for Defendants
                      100 Church Street, Room 2-124
                      New York, New York 10007
                      Tel: (212) 356-3580
                      earbizo@law.nyc.gov

By:    /s/ *Eric Arbizo*
                Eric Arbizo
                Assistant Corporation Counsel

---

[4] Plaintiff's state law battery claims against Parente survive this motion to dismiss, but this Court should decline to exercise jurisdiction over the claim. *See e.g. Baylis v. Marriott Corp.*, 843 F.2d 658 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims").