UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRENCE REYNOLDS,<br><br>       Plaintiff,<br><br>    v.<br><br>THE CITY OF NEW YORK, GEROULD MCCOY, HAMAN (first name unknown), CHRISTOPHER MARTELL, and MICHAEL PARENTE,<br><br>       Defendants. | 23 Civ. 9792 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Terrence Reynolds ("Plaintiff") brings this action against the City of New York ("City") and four employees of the New York City Department of Environmental Protection ("DEP"), Christopher Martell, Gerould Mccoy, "Haman," and Michael Parente, in their individual and official capacities (collectively, the "Individual Defendants," and together with the City, "Defendants") under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as battery under New York state law against Defendant Parente. Defendants move to dismiss Plaintiff's federal claims under the doctrine of *res judicata* and for failure to state a claim. For the reasons that follow, Defendants' motion is **GRANTED** and the Complaint is **DISMISSED**.

## BACKGROUND

  Plaintiff was employed by the City as a Sewage Treatment Worker with DEP for seventeen years until he was terminated in November 2021 after a disciplinary hearing at which numerous witnesses testified against him.[1] Compl. ¶¶ 9, 16, 47. During his employment,

---

[1] The Court assumes the truth of Plaintiff's well-pleaded allegations for purposes of evaluating Defendants' motion to dismiss. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Plaintiff worked at Wards Island Sewage Treatment Facility ("Wards Island"). *Id.* ¶ 9. Defendants Gerould Mccoy ("McCoy") and "Haman"[2] were supervisors at Wards Island. *Id.* ¶¶ 10-11. Defendants Christopher Martell ("Martell") and Michael Parente ("Parente") were sewage treatment workers at Wards Island. *Id.* ¶¶ 12-13.

In early 2020, Plaintiff reported illegal activities consisting of drug dealing, intoxication on the job, fraudulent paperwork, and theft of personal protective equipment at his workplace to his supervisors, McCoy and Haman. *Id.* ¶¶ 20. Immediately after making the reports, Plaintiff became the target of retaliation and hostility by his coworkers, particularly Parente. *Id.* ¶ 22. The retaliation against Plaintiff included a change in his work schedule from the night shift to the day shift, resulting in the loss of overtime hours and a significant reduction in income. *Id.* ¶ 23.

Plaintiff alleges that on May 28, 2020, Parente violently physically and sexually assaulted him in the locker room at their worksite. *Id.* ¶¶ 24-25. As a result of the assault, Plaintiff suffered physical injuries and psychological trauma, requiring him to see a psychotherapist. *Id.* ¶¶ 30-31. Plaintiff filed a police report against Parente, in which he reported the physical assault but not the sexual assault due to his "embarrassment with having been a victim of sexual assault by a male." *Id.* ¶¶ 32, 107. He also reported the assault to his supervisor, Defendant Martell. *Id.* ¶ 32. In response, Martell arranged to transfer Parente to another worksite, allegedly to conceal his location from authorities investigating the assault, and then transferred Parente again to another worksite. *Id.* ¶¶ 33-34, 36. Plaintiff alleges that Parente is a convicted felon who served six years in prison for manslaughter, and that the other Defendants have a practice of covering up his misconduct. *Id.* ¶¶ 37, 39-40.

---

[2] Although Plaintiff does not provide Haman's full name, Defendants believe he is referring to an individual named Haymankumar Lochan. *See* Decl. of Morlan Ty Rogers ¶ 5, ECF No. 24. Haymankumar Lochan is referred to as "Haman" for the purposes of this opinion.

Plaintiff alleges that Defendants had knowledge of the physical and sexual assault, and that, in retaliation for his complaints about Parente, defendants Haman, McCoy, and Martell created a contrived paper trail against Plaintiff and falsely testified against him under oath, leading to his termination after his disciplinary hearing. *Id.* ¶¶ 44-49.

Before initiating this case, Plaintiff previously brought a different lawsuit against the City. *See Reynolds v. City of New York*, No. 22 Civ. 1910, 2022 WL 17792394 (S.D.N.Y. Dec. 19, 2022), *aff'd*, No. 23-76 Civ., 2024 WL 1043495 (2d Cir. Mar. 11, 2024). Plaintiff's previous complaint, filed on March 7, 2022, and amended on May 20, 2022, raised a First Amendment retaliation claim under 42 U.S.C. § 1983 based on essentially the same facts as those alleged here. *See Reynolds*, 2022 WL 17792394, at *1; *Reynolds v. City of New York*, No. 22 Civ. 1910, ECF No. 16 ("2022 Am. Compl."). Judge Caproni held that Plaintiff had failed to allege adequately that he had spoken as a citizen on a matter of public concern, as required for his First Amendment retaliation claim, and dismissed the amended complaint with prejudice. *Reynolds*, 2022 WL 17792394, at *4. The Second Circuit affirmed. 2024 WL 1043495.

After Plaintiff's first case was dismissed, but while the appeal was pending, Plaintiff filed the Complaint in this case, which includes four counts: (1) Fourth Amendment abuse of process, *id.* ¶¶ 55-63; (2) Fifth Amendment procedural and substantive due process and Fourteenth Amendment gender discrimination, *id.* ¶¶ 64-83; (3) Fourth Amendment failure to intervene/failure to supervise, *id.* ¶¶ 84-94; and (4) state law battery under New York's Adult Survivors Act, *id.* ¶¶ 95-112.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009).³  Under Rule 12(b)(6), "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

### I.     Claims Against the City

Defendants first argue that Plaintiff's claims against the City are barred by *res judicata* because the claim in Plaintiff's previous complaint was based on the same operative facts.  *See Reynolds*, 2022 WL 17792394.  The Court agrees.

"The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).  "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence."  *L-Tec Elecs. Corp. v. Cougar Elec. Org.*, 198 F.3d 85, 88 (2d Cir. 1999); *see also Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980) ("[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata.").

Like the Complaint in this case, Plaintiff's 2022 complaint alleged that (1) he was an outspoken critic of his coworkers' misconduct at Wards Island, including Parente's intoxication (2022 Am. Compl. ¶ 8-9); (2) Plaintiff reported various forms of misconduct, including drug

---

³ All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

dealing, fraudulent paperwork, and theft of personal protective equipment, to McCoy and Haman while working at Wards Island (2022 Am. Compl. ¶¶ 10, 12); (3) Plaintiff's supervisors retaliated against him for reporting this misconduct, including by transferring him to the day shift (2022 Am. Compl. ¶¶ 12-15); (4) Plaintiff was physically assaulted by Parente on May 28, 2020 while at work (though the 2022 complaint did not allege sexual assault) (2022 Am. Compl. ¶ 16); (5) the City made false accusations against Plaintiff and created a false paper trail in retaliation for reporting Parente's misconduct (2022 Am. Compl. ¶ 17); and (6) in November 2021, Plaintiff was terminated after a hearing in which he alleges that numerous witnesses provided false testimony (2022 Am. Compl. ¶ 18).

Here, Plaintiff's claims against the City are barred by *res judicata* because both parties were litigants in the earlier case, the claims arise from the same transaction or occurrence, and the earlier case resulted in a final judgment on the merits. *See Reynolds*, 2022 WL 17792394, at *4 (dismissing with prejudice); *Cleveland v. Higgins*, 148 F.2d 722, 724 (2d Cir. 1945) (holding that "a dismissal with prejudice is a final judgment on the merits" for *res judicata* purposes). The fact that Plaintiff advances new legal theories in the present case—now invoking the Fourth, Fifth, and Fourteenth Amendments rather than the First Amendment—does not overcome the preclusive effect of the prior judgment. *See L-Tec Elecs.*, 198 F.3d at 88.

Plaintiff argues that *res judicata* does not apply because "claims regarding sexual assault were not at issue" in the prior case. Pl. Mem. Opp. Mot. Dismiss ("Pl. Mem.") at 6, ECF No. 32. But *res judicata* prevents parties "from relitigating issues that were *or could have been* raised" in a prior action. *Brown*, 854 F.3d at 157 (emphasis added). The alleged assault by Parente on May 28, 2020 is a common factual predicate in both complaints, and Plaintiff makes no argument that he lacked the information required to allege the sexual nature of the assault in his first complaint. *Cf. L-Tec Elecs.*, 198 F.3d at 88 ("*Res judicata* applies even where new claims

are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'"). Plaintiff's claims based on the same underlying event are barred by *res judicata* notwithstanding the additional facts characterizing that event in the second complaint.

Indeed, Plaintiff "acknowledges that some of the facts and circumstances surrounding the [alleged] sexual assault by Defendant Parente are based on the same events." Pl. Mem. at 6. He nevertheless argues that *res judicata* should not apply because his counsel in the prior case provided him with deficient legal advice. *Id.* at 6-7. However, the Second Circuit "has never granted . . . an exception to the doctrine of *res judicata* based on allegations of ineptitude on the part of prior counsel." *Marcotte v. City of Rochester*, 677 F. App'x 723, 725 (2d Cir. 2017) (citing *Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.*, 642 F.2d 31, 36 (2d Cir. 1981)).

Finally, Plaintiff argues that the earlier decision was not a final judgment on the merits because, at the time of filing of this Complaint, the Second Circuit had not yet decided the appeal in his previous case. Pl. Mem. at 7. But that argument fails, because "a pending appeal does not affect the preclusive effect of a lower court judgement." *Gustavia Home, LLC v. Brown*, No. 16 Civ. 9318, 2023 WL 6518708, at *2 (S.D.N.Y. Oct. 5, 2023). Plaintiff's claims against the City are dismissed.

## II.     Claims Against the Individual Defendants

To the extent that the Individual Defendants are being sued in their individual capacities, *res judicata* may not apply to them. *See Gertskis v. N.Y. Dep't of Health & Mental Hygiene*, No. 13 Civ. 2024, 2014 WL 2933149, at *5 (S.D.N.Y. June 27, 2014); *Reeves v. City of Yonkers*, No. 17 Civ. 5341, 2019 WL 2602897, at *5 n.4 (S.D.N.Y. June 25, 2019). Nevertheless, Plaintiff's claims against the Individual Defendants fail for other reasons.

First, Plaintiff has failed to state a claim for abuse of process under § 1983 because the process in question—the disciplinary hearing and related proceedings that culminated in termination of Plaintiff's employment, *see* Compl. ¶¶ 56-63—was civil, not criminal. The Second Circuit has "explained that a malicious abuse of process claim, in the context of a *civil* case, could not result in § 1983 liability." *King v. City of New York*, 581 F. Supp. 3d 559, 576-77 (S.D.N.Y. 2022) (citing *Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994)), *aff'd*, No. 22-231, 2023 WL 2398679 (2d Cir. Mar. 8, 2023). Plaintiff's argument to the contrary is based on the requirements for abuse of process under *state* law, not federal law. *See* Pl. Mem. at 8 (discussing the standard for "an abuse of process claim under New York State Law"). But Plaintiff's Complaint alleged only abuse of process under federal law. *See* Compl. at 12. Because an abuse of process claim under § 1983 does not lie where the process in question was civil in nature, this claim is dismissed.

Plaintiff's procedural due process claim fails because he fails to adequately allege that his employment was terminated without due process. In order to prevail on a Fifth Amendment procedural due process claim, "a plaintiff must first identify a property right, second show that the State has deprived him of that right, and third show that the deprivation was effected without due process." *Irwin v. City of New York*, 902 F. Supp. 442, 446 (S.D.N.Y. 1995). "Even where a plaintiff establishes that he or she was deprived of a property right without a pre-deprivation hearing, the existence of an adequate and meaningful state post-deprivation remedy may be sufficient to satisfy the procedural component of the Due Process Clause." *Id.* at 447. Here, Plaintiff's own allegations demonstrate that he received a pre-deprivation hearing. *See* Compl. ¶ 47. To the extent that Plaintiff alleges his pre-deprivation hearing was inadequate due to fabricated testimony, Plaintiff had access to a *post*-deprivation proceeding under Article 78 of New York's Civil Practice Law and Rules. *See McLaurin v. New Rochelle Police Officers*, 363

7

F. Supp. 2d 574, 578 (S.D.N.Y. 2005) ("The State of New York provides a dismissed municipal employee the opportunity to challenge his termination as arbitrary and capricious pursuant to CPLR Article 78."). And the Second Circuit has held that the availability of a post-termination Article 78 proceeding is sufficient under the Due Process Clause even where there was no pre-deprivation process. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-82 (2d Cir. 1996) (citing cases holding that "an Article 78 proceeding constitutes an adequate postdeprivation procedure" and that "there *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty"). Here, Plaintiff makes no allegation that he was deprived of the opportunity to seek post-deprivation relief under Article 78. Therefore, even if he was deprived of a fair hearing before his employment was terminated, he cannot make out a procedural due process claim. The procedural due process claim is therefore dismissed.

Plaintiff also fails to state a claim for a substantive due process violation. To make out such a claim, Plaintiff must allege "such an egregious abuse of power that it 'shocks the conscience.'" *Tessler v. Paterson*, 768 F. Supp. 2d 661, 670 (S.D.N.Y. 2011) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Because "[t]he right to government employment is not a fundamental right," "courts in this circuit have consistently held that even where other alleged constitutional rights are implicated, terminating government employment does not 'shock the conscience' and thus does not constitute a violation of substantive due process." *Id.* Accordingly, Plaintiff "does not come close to stating a claim for violation of substantive due process," *id.*, and this claim must be dismissed.

Plaintiff also does not state a claim for gender discrimination under the Equal Protection Clause. As an initial matter, because Plaintiff does not claim that the alleged sexual assault by Parente was committed under color of state law, the assault itself would not give rise to liability

8

for gender discrimination under § 1983. *See Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014). As for the other Individual Defendants, Plaintiff does not allege sufficient facts to make out a prima facie case of gender discrimination, which requires him to show that "(1) [he] falls within a protected class, (2) [he] was performing [his] duties satisfactorily, (3) [he] was subject to an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination." *Gladwin v. Pozzi*, 403 F. App'x 603, 605 (2d Cir. 2010) (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). Plaintiff does not allege any facts that would give rise to an inference that the Individual Defendants' actions were discriminatory. Plaintiff's allegation that Defendants would have disciplined Parente if Plaintiff were female, *see* Compl. ¶¶ 74, 75, 81, is conclusory and unsupported by any other facts in the Complaint. Such "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006).

Finally, because Plaintiff has not stated a claim for any deprivation of constitutional rights under color of state law, he cannot make out a claim for failure to supervise or failure to intervene. *See Reid v. Dumberger*, No. 17 Civ. 1124, 2018 WL 840092, at *9 (S.D.N.Y. Feb. 12, 2018) ("If no right is being violated, there is no duty to intervene or supervise differently . . . ."). Plaintiff's claim for failure to supervise or intervene is accordingly dismissed.

### III.    State Law Claim

"When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988). Here, Plaintiff invokes federal question jurisdiction over his federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over his state claim under 28 U.S.C. § 1367. *See* Compl. ¶ 4. Because the Court

9

dismisses all of Plaintiff's federal claims against all Defendants, the "bases for federal jurisdiction have been eliminated," and the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. *See Baylis*, 843 F.2d at 665. The battery claim is therefore dismissed.

## CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. The Complaint is hereby **DISMISSED** in full as to all Defendants.[4]

The Clerk of Court is respectfully requested to terminate ECF No. 21.

SO ORDERED.

Dated: March 27, 2025

New York, New York

_____
DALE E. HO
United States District Judge

---

[4] Defendants argue that Martell has not been served in this matter because he retired from DEP before Plaintiff attempted service. *See* Def. Mem. Supp. Mot. Dismiss at 4 n.1, 19. Because the Court dismisses the Complaint as to all Defendants, it does not address this argument.